**Reynaldo G. RODRIQUEZ and Francisco L. Ramirez, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 51049.**

Court of Criminal Appeals of Texas.

March 24, 1976.

Roberto J. Yzaguirre and Knox R. Jones, McAllen, for appellants.

Oscar B. McInnis, Dist. Atty., Juan Manuel Ramirez, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

The appellants entered pleas of not guilty before the court after waiving a jury to the offense of possession of marihuana. The court found them guilty and assessed punishment at three years and a fine of five hundred dollars for each appellant. Imposition of the sentences was suspended and probation granted. This appeal is taken from those convictions.

The sole ground of error, asserted on behalf of both appellants, is that the evi-

dence, all of which was stipulated, was insufficient to show they exercised care, custody, control, or management over, and had knowledge of the contraband requisite to support a conviction for possession of marihuana.

We need not consider those contentions. Fundamental error accompanied the admission of the stipulated evidence and, upon the authority of *Hughes v. State*, 533 S.W.2d 824 (1976), the judgments must be reversed because of such error.

Article 1.15, V.A.C.C.P., provides as follows:

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."

 A careful reading of the statute reveals that although the stipulated evidence may be either oral or written, the *agreement* to stipulate and the concomitant waiver must be executed in writing. The statute is mandatory. *Elder v. State*, Tex.

Cr.App., 462 S.W.2d 6. Violation of its mandatory provisions constitutes reversible error, even if the matter was not raised in the trial court or upon appeal. *Hughes v. State,* supra.

In the instant case, all the evidence consisted of written police reports that were orally stipulated. Although written waivers of the right of trial by jury were properly executed in accordance with Arts. 1.13 and 1.14, V.A.C.C.P., the record reflects no written waiver of the appellant's right to the appearance, confrontation, and cross-examination of witnesses. Thus, no evidence of guilt was introduced at trial that we may properly consider. Accordingly, the judgments must be reversed. *Hughes v. State,* supra.

The judgments are reversed and the cause is remanded.