Jack Douglas TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 52040.

Court of Criminal Appeals of Texas.

Nov. 24, 1976.

Rehearing Denied Dec. 15, 1976.

Brady S. Coleman, Austin, for appellant.

Robert O. Smith, Dist. Atty., Stephen H. Capelle, Asst. Dist. Atty., Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted for possessing a quantity of marihuana in excess of four ounces. He was assessed a ten year penalty and put on probation.

In ground of error number one, appellant asserts that the trial court erred in admitting the marihuana into evidence because the search warrant was invalid for lack of probable cause. It is urged that the warrant authorizing the search of the residence was invalid as to the appellant because the affiant did not know the appellant.

The record reflects that the Austin Police Department and the Federal Drug Enforcement Administration obtained a warrant authorizing the search of a residence located at 9801 Cameron Road in Austin.

The probable cause supporting this warrant consisted of transactions involving Buck Reynolds, Donald Shelton, and the residence at 9801 Cameron Road. The affiant was federal undercover agent R. L. Irwin.

Briefly, the affiant described Reynolds' and Shelton's departure from the residence on Cameron Road; their drive to a Ramada Inn; the delivery of methamphetamines by Reynolds to the agent; and the subsequent arrest of Reynolds and Shelton. Also, Reynolds' return drive to the residence after a prior delivery was described, as well as other deliveries. The warrant ordered a search of the residence for controlled substances. The ensuing search culminated in the discovery of over six pounds of marihuana.

We conclude that the affidavit supplied probable cause to support the issuance of the warrant to search the residence on Cameron Road. It was not speculative to theorize that the source of the controlled substances delivered by Reynolds and Shelton to the undercover agent on several occasions was located at that residence. The connection between the delivery of the methamphetamines by Reynolds and the residence was established by the surveillance of the house conducted by the police. This surveillance was specifically detailed by the affiant in the affidavit. See *Rangel v. State*, Tex.Cr.App., 435 S.W.2d 143.

Further, the mere fact that the affiant did not know the appellant does not render the search warrant invalid. The warrant authorized the search of a house described as the premises of Reynolds and Shelton. The fact that affiant did not know that the appellant also resided there does not diminish the probable cause supporting the search warrant. The first ground of error is overruled.

Appellant, in his second ground of error, also contends that the search warrant is invalid because it failed to contain his name. In *Guzman v. State*, Tex.Cr.App., 461 S.W.2d 602, we stated that a search warrant is not invalid merely because the name of the defendant is omitted. The second ground of error is overruled.

In his next ground of error, appellant asserts that the trial court erred in overruling his motion for directed verdict. Appellant claims that the motion should have been sustained because there was no probable cause to arrest him.

The appellant, however, has made no complaint with regard to any search or seizure resulting from the arrest. The record also demonstrates that no evidence was obtained as a consequence of the arrest. These circumstances negate the validity of the third ground of error. *Vasquez v. State*, Tex.Cr.App., 532 S.W.2d 338; *Maldonado v. State*, Tex.Cr.App., 528 S.W.2d 234. It is, therefore, overruled.

In his final ground of error, appellant claims that the evidence is insufficient to prove he possessed over four ounces of marihuana. This argument is put forward by appellant because the quantity of marihuana found in his bedroom did not exceed four ounces.

The evidence shows that marihuana in a quantity greater than four ounces was found in the common areas of the home in which appellant had resided for over one year. Indeed, marihuana was discovered in the bathroom, in a glass bowl in the kitchen, and there were large marihuana plants growing in the kitchen and by the back porch. The plants growing by the back porch would be visible to anyone using the rear door of the house. It would be unreasonable to conclude that the appellant had never used the bathroom, kitchen or back door during the period he lived at the residence. This, coupled with the fact that marihuana was found in appellant's bedroom, compels us to sustain the holding of the trial court.

The evidence was sufficient to link the appellant with the contraband and to demonstrate that he knew of its existence. *Ochs v. State*, Tex.Cr.App., 543 S.W.2d 355 (1976); 1 T.C.R. 709; *Williams v. State*, Tex.Cr.App., 524 S.W.2d 705. The fourth ground of error is overruled.

For the reasons stated, the judgment is affirmed.