Benito Govella CAPISTRAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 60873.

Court of Criminal Appeals of Texas,
Panel No. 3.

May 19, 1982.
On Rehearing Sept. 14, 1988.

Barbara H. Fritz, Victoria, (court-appointed), for appellant.

Robert Huttash, State's Attorney and Alfred Walker, First Asst. State's Atty., Austin, for the State.

Before ODOM, W.C. DAVIS and McCORMICK, JJ.

## OPINION

W.C. DAVIS, Judge.

This is an appeal from a conviction for possession of marijuana. Punishment was assessed by the trial court at five years confinement in the Texas Department of Corrections. The appellant contends that the trial court erred in receiving stipulated evidence without the appellant's written agreement to stipulate contrary to Art. 1.15, V.A.C.C.P. After a jury trial and a verdict of guilty, the appellant was granted a new trial, from which this appeal is taken. At the second trial the appellant signed a written waiver of jury trial and such waiver was accepted by the trial court, and he entered a plea of not guilty. Although the appellant orally agreed to stipulate to the evidence, the record does not contain written agreement to stipulate and waiver of the appearance, confrontation and cross-examination of witnesses signed by the appellant[1] nor any written approval by the court of such waiver and consent.

This Court has held that although Art. 1.15, V.A.C.C.P. provides that stipulated evidence may be either oral or written, the agreement to stipulate and the concomitant waiver must be executed in writing. *Val-*

dez v. State, 555 S.W.2d 463 (Tex.Cr.App. 1977); *Duran v. State,* 552 S.W.2d 840 (Tex.Cr.App. 1977); *Rodriguez v. State,* 534 S.W.2d 335 (Tex.Cr.App. 1976).

The special commentary accompanying Art. 1.15, V.A.C.C.P. states that, "... the new article is now applicable to pleas of not guilty before the court where the jury has been waived ..., and if during such trial a stipulation is entered into, it must comply with written consent, waiver and stipulation and other procedure required by this article rather than the usual trial stipulation." *Id.* Further, this Court in *Rodriguez v. State,* supra, held the absence of a written agreement to stipulate and a written waiver of the appellant's right to the appearance, confrontation, and cross-examination of witnesses is fundamental error and a judgment must be reversed because of such error. See *Valdez v. State,* supra; *Duran v. State,* supra; *Huges v. State,* 533 S.W.2d 824 (Tex.Cr.App.1976). Without the written agreement to stipulate, no evidence of guilt was introduced at the trial that we may properly consider. See *Valdez v. State,* supra; *Rodriguez v. State,* supra. Pursuant to the preceding authorities, we must reverse the judgment in the instant case.

The judgment is reversed and the cause remanded.

## OPINION ON STATE'S AND APPELLANT'S MOTIONS FOR REHEARING

CLINTON, Judge.

This is an appeal from a conviction for possession of marihuana on appellant's plea of not guilty; the trial court assessed punishment at five years confinement. Appellant presented six grounds of error to the Court Panel, the first of which contends that the trial court erred in receiving evidence without appellant's written consent that it be stipulated, contrary to Article 1.15, V.A.C.C.P.[1] The panel found

---

[1] The jury waiver form signed by the appellant also contained a waiver of the confrontation of witness; however, this section was marked out.

[1] In pertinent part Article 1.15 provides that for a conviction of a felony offense less than capital to be valid, first that "upon entering a plea" an accused must waive his right to trial by jury in open court, and also that evidence to support

there had not been a written agreement to stipulate, so "no evidence of guilt was introduced at the trial that we may properly consider;" accordingly, the judgment was reversed and the cause remanded.

Vigorously contesting that result and under the special circumstances to which we will soon advert, the State invokes the doctrine of invited error in its motion for leave to file. In his motion appellant prays for an order of acquittal. We granted both motions in order to take a closer look at the matters in issue.

■ An accused in a criminal prosecution for any offense less than capital may waive any rights secured him by law. Article 1.14, V.A.C.C.P. The question is whether appellant waived those "rights" bestowed by Article 1.15, V.A.C.C.P.

The classic definition of waiver is followed by this Court: "an intentional relinquishment or abandonment of a known right or privilege, *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)." *Robles v. State*, 577 S.W.2d 699 (Tex.Cr.App.1979). Probably because the panel opinion on original submission did not approach the problem with that kind of waiver in mind, it did not present the facts of the matter in such a perspective. For purposes of our analysis they are now developed in greater detail.

At the outset of the second trial and while tending to matters pertaining to waiver of trial by jury prescribed by Article 1.13, V.A.C.C.P.,[2] the trial court was addressed by attorney for a codefendant, the wife of appellant, in pertinent part as follows:

> the conviction "may be stipulated if the defendant ... consents in writing in open court to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of the testimony by affidavits, written statements of witnesses, and any other documentary evidence ..." That waiver and consent "must be approved by the court in writing, and be filed in the file of the papers in the cause."

**2.** The written waiver of trial by jury, executed by appellant and his attorney, shows the consent and approval of the District Attorney over

"At this time, Your Honor, we would like to have an agreement and stipulation between the district attorney, myself and the defendant Betty Capistran that the Court take judicial notice of the evidence taken at the trial that was previously held. That the defendant Betty Capistran is giving up [sic] *nor* waiving any rights or any error or any objections that was made during the trial. Also, that the motion to suppress and that transcript be also included in this trial. That any and all motions filed prior to the first trial be incorporated into this trial for this trial."

Then the judge turned to that codefendant, explained to her the procedure that her attorney had requested and obtained her personal agreement that "the case be disposed of in this manner, that I make a decision based on the evidence which I have already heard without the necessity of rehearing the evidence." The District Attorney sought and obtained the understanding that all concerned "and the appellate court would take it as being presented to you as the Judge rather than to the jury as it was originally."

The court then recognized the attorney for appellant, whereupon the following colloquy ensued:

"THE COURT: Mrs. Fritz.

MRS. FRITZ: The defendant Benito Capistran would adopt Mr. Hurst's motion on this and would ask the Court to accept it as his motion, too.

THE COURT: Mr. Capistran, do you understand what Mrs. Fritz is asking me to do?

his hand, as well as the order of the trial court thereon. The form utilized is entitled "Application to Waive Trial by Jury—*Plea of Guilty,*" and the underscored part of its title has been stricken through with a pen. Other portions recite waivers of rights or privileges generally pertaining to a plea of guilty, and consistently they too have been crossed out—presumably by counsel for appellant. As shall be shown, this action is indicative of the expressed desires of appellant in the premises. (All emphasis is added by the writer of this opinion unless otherwise indicated.)

DEFENDANT BENITO CAPISTRAN: Yes.

THE COURT: To decide your guilt or innocence based on the evidence which I heard at the earlier trial without the necessity of the evidence being presented to me. Do you understand?

DEFENDANT BENITO CAPISTRAN: Yes, sir.

THE COURT: But also without your waiving any rights you have to the appellate review of any rulings I made on the admissibility of evidence at the first trial.

DEFENDANT BENITO CAPISTRAN: Yes, sir.

THE COURT: And you want me to do that and dispose of the case in this manner without the presentation of any additional testimony?

DEFENDANT BENITO CAPISTRAN: Yes, sir.

THE COURT: Does the district attorney agree to this set of grounds for the determination of this case?

MR. CHEATHAM: Yes, with the so called clarification I attempted to make which Mr. Hurst says that is his understanding.

THE COURT: And Mrs. Fritz, you understand what the district attorney is saying?

MRS. FRITZ: Yes, sir.

THE COURT: Any ruling would be viewed in the light of the evidence being offered in a trial before the Court as if it were being tried before the Court.

MRS. FRITZ: Yes, Your Honor, I understand that.

THE COURT; All right. I will do that. And I am going to continue your existing bond until I have reached a fact determination in the case. I will try to rule on the case this week, but I will allow you some lead time to get back up here for the announcement of my ruling."

Implicit in the holding of the Supreme Court in *Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) is that such a "truncated kind of trial" is constitutionally permissible when the accused does "intelligently and knowingly agree to be tried in a proceeding ... in which he would not have the right to be confronted with and cross-examine the witnesses against him," *id.*, at 7, 86 S.Ct. at 1248. Here, appellant not only expressed his agreement that the trial court "dispose of the case in this manner," but also, as the District Attorney ruefully points out, appellant and his attorney suggested and requested the format or procedure for the second trial before the court.

Thus, the State relies on the doctrine of invited error, *viz:*

"... The principle is that if, during the progress of a cause, any party thereto request or move the court to make an erroneous ruling, and the court rule in accordance with such request or motion, he cannot take advantage of the error on appeal."

*Gresham v. Harcourt*, 93 Tex. 149, 53 S.W. 1019, 1021 (1899).

"It is well-established in our jurisprudence that 'an accused cannot invite error and then complain thereof.' *Holmes v. State*, 140 Tex.Cr.R. 619, 146 S.W.2d 400 (1941) accord, *Moxie v. State*, 54 Tex.Cr.R. 529, 114 S.W. 375 (1908)." *Ex parte Guerrero*, 521 S.W.2d 613, 614 (Tex.Cr. App.1975).[3] The Court has so held "many times," and several occasions for doing so are collected by this Court in *Cadd v. State*, 587 S.W.2d 736, 741 (Tex.Cr.App. 1979). The holding is routinely made when it appears that later alleged prejudicial effects of an erroneous instruction in the charge of the court flowed from a request

---

**3.** Dissenting to denial of relief, Presiding Judge Onion made the point that even invited error does not serve to bestow upon a trial court power and authority to enter a plainly erroneous order of cumulation of sentences, likening the situation to an attempt by consent to confer jurisdiction which a court does not have and to

a consensual amendment of an indictment on a matter of substance that a court may not make. Here, however, patently the trial court did have general and subject matter jurisdiction—the case had just been tried to a jury—and jurisdiction over appellant as he stood before the trial judge in open court.

by the accused. See, e.g., *Thomas v. State*, 621 S.W.2d 158, 165 (Tex.Cr.App. 1980–1981).

■ In the cause now before the Court appellant knew he had already been afforded essential protections intended by Article 1.15, V.A.C.C.P. The State had introduced into the record before a jury evidence showing his guilt—evidence sufficient enough for the jury to find him guilty. During the course of the earlier trial witnesses had appeared, been sworn and confronted him, and his attorney had every opportunity to crossexamine them; his defense, if any he had, had failed. Appellant knew that he had it in his power to require the State to reprise the jury trial, but he intentionally relinquished that right and all others inherent in one, and in lieu of a jury asked the court to decide the issue of his guilt from the testimony of record in the former trial. If the form of Article 1.15, supra, is even implicated, we find that its substance was accomplished.

When the District Attorney assented to the procedure suggested by appellant, he clarified it in a highly significant respect that the judge himself reiterated: the rulings made by the trial court during the jury trial "would be viewed in the light of the evidence *being offered* in a trial before the Court *as if it were being tried before the Court.*" Constructively at least, then, what occurred here was a bench trial on a record already made in a jury trial presided over by the same judge.[4] And the tran-

scription of the notes of the court reporter in our record.[5]

On original submission the panel did not address the contention of invited error but opined that *sans* a written agreement to stipulate we are precluded from reviewing that which is in the record. With deference and for reasons already given, we simply cannot accept that proposition *in this cause.*

In his brief, after citing *Duran v. State*, 552 S.W.2d 840 (Tex.Cr.App.1977) and other authorities like those relied in the panel opinion on original submission, appellant asserts:

> "Since all testimony was stipulated *without a proper agreement*, the State failed to meet its burden and the trial court had no evidence upon which to base its guilty verdict."

The reason there is no "proper agreement" in the record is that the boilerplate language of Article 1.15, supra, which does appear on the face of the form "Application to Waive Trial by Jury—Plea of Guilty" was crossed out,[6] apparently in the belief that it and other stated waivers were not appropriate in the kind of "not guilty" trial before the court appellant and his codefendant were pressing the trial court to hold. Thus, should the procedure they crafted be faulted for want of a written stipulation, the flaw was caused by stress applied by appellant, himself, along with his codefendant. To borrow a phrase from the opinion of the Court recently rendered by a majority in *Ex parte Collier*, 614

---

4. Granted that similar procedure followed in *Martinets v. State*, 493 S.W.2d 923 (Tex.Cr.App. 1973) divided the Court on proper disposition of the cause, but the core of the problem there seems to have been that the notes of the court reporter taken at the first trial had not been transcribed by the time of the subsequent trial before the court and, indeed, such a transcription had not been brought up with the record. In these respective settings, opining that the question of sufficiency of evidence was not before the Court, the majority affirmed the judgment, whereas the dissenters would have reversed since there was not extant written evidence of guilt.

5. When on July 14, 1978 the judge convened a hearing for pronouncement of adjudication by

the court, he recounted the prior procedural requests of the parties and stated that "having reviewed the testimony which was presented during the trial of the cases on February 14 and 15th of 1978, I am now prepared to make my finding," which the court proceeded to do.

6. With the name of appellant and his counsel printed in hand, the form recites that, *inter alia*, appellant waived:

> "1. The right of the appearance, confrontation, and cross-examination of witnesses, and do hereby consent to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of any judgment of this court as provided in Arts. 1.05, 1.14 and 1.15, V.A.T.C. C.P."

S.W.2d 429, 434 (Tex.Cr.App.1981), it would be "ridiculous to set aside a conviction as in the instant case," merely upon the happenstance that four years ago otherwise appropriate language in a form was erroneously stricken out by counsel for appellant in the mistaken belief that other procedures counsel was requesting the court to follow, required it.

We grant the State's motion for rehearing, overrule the first ground of error, and turn to his other grounds.

■ The second ground asserts error on the part of the trial court in taking "judicial notice" of proceedings in the initial trial. Appellant argues from Article 40.08, V.A.C.C.P., that the effect of granting a new trial is to place the cause in the same position in which it was before any trial had taken place, and then points out that at the bench trial the State did not offer into evidence the prior testimony after the cause was called for trial the second time. However, for much the same reasons that the first ground has now been overruled we find the second is without merit. Once the parties had stipulated and agreed to the procedure for a bench trial, appellant will not be heard to object that the trial court erroneously complied with his agreement. See, e.g., *Cadd v. State*, supra, at 741. Ground of error two is overruled.

Turning to the remaining grounds of error, we take up the fifth ground since it challenges sufficiency of the proof in this circumstantial evidence case. The State does not challenge the accuracy of appellant's statement of facts, so we will paraphrase that which is considered germane.

■ On March 23, 1977, a search and arrest warrant based upon a confidential informant's tip was executed by peace officers at a private residence in Refugio. The warrant called for the arrest of appellant, among others.

When officers arrived at the stated address, the following persons were present in the living room of the house watching television:

Lawrence and Alice Capistran, tenants of the premises.

Robert and Maria Longoria, parents of Alice Capistran, along with their daughter, Sylvia Longoria, visitors.

Bennie and Betty Capistran, brother and sister-in-law of Lawrence Capistran, temporary house guests.

Several children of Lawrence Capistran.

Immediately there followed a reading of the *Miranda* warnings to everyone. There was no evidence to show that anyone made an effort to flee, or that any furtive movements were noted. Nor was there any testimony regarding the odor of marihuana on the premises or any person present being under the influence of drugs. There was no testimony as to finding marihuana on the person of anyone there.

All those present, except perhaps appellant, were then asked to go outside the house where other officers were waiting.

The subsequent search resulted in the finding of seven plastic baggies of marihuana, each weighing approximately one and one half ounces, in a washing machine in the bathroom of the home, and more in a locked yellow suitcase on or under the bed in the bedroom being temporarily occupied by appellant and his wife.

The evidence further showed that the suitcase had a combination lock. At the request of the officers, appellant unlocked the suitcase. It contained eleven paper packages of marihuana, each weighing approximately two pounds.

The State presented no witnesses who had ever seen appellant in personal possession of either the suitcase or marihuana in any form.

However, Lawrence Capistran, who had "assigned" the "back bedroom" to appellant and his wife during their stay, testified that neither he nor his own wife or the Longorias owned a suitcase like that found in the back bedroom; he did not know how that suitcase came to be in his house or the plastic baggies of marihuana got in his washing machine and they were brought in without his consent. His wife made similar disclaimers, as did two of their children and the Longorias as well. Except for a retard-

ed daughter who is unable to speak, that left only appellant and his wife.

Under the usual rules for testing sufficiency of circumstantial evidence to support a verdict of guilt, we find the evidence is ample enough to link appellant with the marihuana, especially that in the locked suitcase, and to demonstrate that he knew of its existence. *Turner v. State*, 543 S.W.2d 629, 631 (Tex.Cr.Ap.1976). Ground of error five is overruled.

■ Relatedly, appellant complains in his sixth ground of error that the trial court erred in admitting testimony that appellant opened the yellow suitcase in that such act by appellant is "tantamount to a confession." However, the claimed error was not properly preserved for appellate review. When the prosecuting attorney approached the subject of opening the suitcase, a hearing outside the presence of the jury was held. It concluded with the judge informing all parties:

"Well, now I know how to rule on it and I am going to overrule your objection and allow the testimony if the State chooses to develop it in the presence of the jury. But I am just advising you how I am going to rule on it when and if it is offered and *when and if you object to it.*"

Before the jury the officer testified:

"Q: In other words, you have to turn the numbers to get the correct numbers [to open it]?

A: Yes, sir.

Q: How did you go about getting the suitcase open, if you did, please?

A: The defendant opened it for me."

There was no objection. The ground of error presents nothing for review.

■ In grounds three and four appellant attacks sufficiency of the affidavit for search warrant executed at the Capistran residence. After asserting his belief that the Capistrans, including appellant, and Longorias and other persons possessed marihuana at their residence, affiant stated he had probable cause for said belief by the "following facts:"

"Affiant was advised by a confidential informant who has been inside the above described residence within the past seventy-two hours and that said informant observed the above named persons and other unnamed persons in possession of marihuana.

Said informant is known to the affiant and has given affiant reliable information twice in the past.

Affiant has observed above-described residence and other law enforcement officers have observed residence and have seen numerous persons drive up to above described residence, stay for a short time and then leave.

During the course of affiant's observations, the number of persons coming and going is unusually large for a private residence in the affiant's judgment based on affiant's experience."

Appellant contends the affidavit is defective in two respects: first, that the facts attested to are not so closely related to the time of issuance of the warrant as to justify a finding of probable cause and, second, that the facts do not demonstrate probable cause for granting a warrant to search. We reject both contentions.

Read realistically and with common sense, as *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) teaches should be done and as we have done in, e.g., *Powell v. State*, 505 S.W.2d 585 (Tex.Cr.App.1974), the affiant swore that his informant related that within the past seventy two hours while inside the residence he observed the persons indicated in possession of marihuana. Thus, the observation was said to have been made contemporaneously, unlike the affidavit in *Heredia v. State*, 468 S.W.2d 833 (Tex.Cr.App.1971), upon which appellant chiefly relies. The problem in *Heredia* was that every fact there was recited in the past tense without relation to any date other than the alleged offense—since the jurat was undated. *Heredia v. State*, supra, at 835; *Powell v. State*, supra, at 587. We interpret the instant affidavit to mean that the informant made his observations

in the residence within seventy two hours from the date of the affidavit.

The first prong of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) was thus met. Compare *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). A layman is permitted to assert that a substance seen by him is marihuana without a showing in the affidavit of his qualifications to recognize it. See *Richardson v. State,* 622 S.W.2d 852, 857 (Tex.Cr.App.1981).

As to the second prong—reliability of the informant—that he was known to affiant and had given him "reliable information twice in the past" has been held sufficient. *Avery v. State,* 545 S.W.2d 803, 804–805 (Tex.Cr.App.1977) collects the authorities then extant on this point. Therefore, corroboration by independent observations was not required, so we need not decide whether the "traffic" affiant stated he and other surveilling officers noticed is pertinent and supportive.

The third and fourth grounds of error are overruled.

Finding no reversible error, thereby making appellant's motion moot, we affirm the judgment of conviction.

ONION, P.J., and TEAGUE, J., concur in the result.