Hill 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00649-CR







James Hill, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. 0932640, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING






 James Hill appeals from a trial-court order revoking his probation and sentencing him to
three years confinement. We will affirm the order.



THE CONTROVERSY

 On his plea of guilty, the trial court adjudged Hill guilty of possessing cocaine, a controlled
substance, sentenced him to confinement for five years, and probated the sentence subject to terms and
conditions stated in the judgment. About a year later, the State moved to revoke Hill's probation on
allegations that he violated three of the conditions. In a hearing held October 2, 1995, Hill pleaded true
to the allegations. After the introduction of evidence, Hill's attorney stated to the trial judge as follows:



Your Honor, we move for a continuance on this case to allow him--he understands I have
talked to him about what you want to do in terms of continuing his case and not making a
ruling today and ask he be released on bond.


The trial judge replied:



Okay. So we will let him out to live with his sister, understanding that the Court hasn't
ruled on this motion to revoke; that he can be subject to being revoked based on the
evidence and testimony I have heard today.



Hill replied, "Yes, sir" when the judge asked if he understood the foregoing. The judge continued:



Okay, the Court will withhold a ruling on this motion to revoke probation and sanction. 
There being no objection, and [as] requested by the defense, we are going to reset this. 
I will release him on a personal bond.


* * *


I expect as a condition of the bond that he is to live at whatever the residence of his sister
is. He is to find employment, and he is to come back to this court on that date with proof
of it. I want him to report to his probation officer in the meantime.



Hill's bond was conditioned accordingly.

 Hill was arrested on October 12, 1995, on a warrant issued October 6, 1995, or four days
after the hearing. The reason for the arrest does not appear. At a hearing held October 19, 1995, the trial
judge revoked Hill's probation without receiving evidence and based on the State's motion and the evidence
received at the first hearing.



DUE PROCESS OF LAW DEPRIVATION


 In Hill's first point of error, he contends he was deprived, without due process of law, of
the liberty interest he had under his probation status. He argues the first hearing resulted in continuing his
preexisting probation rather than revoking it; and the State was therefore required to show a breach of
probation conditions thereafter, which it did not prove at the second hearing. See Rogers v. State, 640
S.W.2d 248, 263-65 (Tex. Crim. App. 1982) (On State's Second Motion for Rehearing). We hold that
Hill waived his claim of constitutional error by failing to object to the procedure followed in either of the
two hearings. Id.



INEFFECTIVE ASSISTANCE OF COUNSEL


 Hill contends in his second point of error that his attorney's failure to object on the basis
of Rogers at the second hearing constituted ineffective assistance of counsel under the Sixth Amendment
to the Constitution of the United States, Article 1, section 10 of the Constitution of the State of Texas, and
articles 1.05 and 1.051 of the Code of Criminal Procedure. See Strickland v. Washington, 466 U.S.
668, 668-91 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).

 It is Hill's burden to prove his contention of ineffective assistance of counsel. He has not
brought to this court an evidentiary record showing any reasons why his attorney failed to object at the
second hearing on the basis of the rule laid down in Rogers. See Shaw v. State, 874 S.W.2d 115, 119
(Tex. App.--Austin 1994, pet. ref'd). We must therefore speculate in that regard in determining whether
his attorney's representation fell below an objective standard of reasonableness as measured by prevailing
professional norms and in light of all the circumstances. See Strickland, 466 U.S. at 668-91.

 From the part of the hearing quoted above from the transcript, it is evident that the trial
judge followed the procedure agreed upon by Hill and his lawyer to avoid an immediate revocation of his
probation--the judge might revoke Hill's probation afterwards based upon his plea of true and the proof
adduced in the first hearing. The agreement reached at the first hearing and Hill's assent to that agreement,
after it had been explained to him, foreclosed any subsequent objection at the second hearing to the trial
court acting in compliance with the agreement. See Capistran v. State, 759 S.W.2d 121, 125-26 (Tex.
Crim. App. 1982) (On State's and Appellant's Motions for Rehearing) (appellant having agreed to the
procedure may not complain that judge decided case on testimony of record in preceding trial, after new
trial ordered, without necessity of receiving new evidence). Having by the agreed procedure obtained a
continuance of his probation status, Hill cannot complain that his representation was constitutionally
deficient because his attorney did not object to complying with the procedure in the second hearing. See
McFarland v. State, 845 S.W.2d 824, 845 (Tex. Crim. App. 1992) (appellate court will not entertain
complaint of ineffective assistance of counsel based on attorney's failure to object to omission to which
appellant agreed). We therefore overrule Hill's second point of error.

 For the reasons given, we affirm the trial-court order revoking probation.

 

 

 

 John Powers, Justice

Before Justices Powers, Aboussie and Jones

Affirmed 

Filed: December 12, 1996

Do Not Publish



is motion to revoke probation and sanction. 
There being no objection, and [as] requested by the defense, we are going to reset this. 
I will release him on a personal bond.


* * *


I expect as a condition of the bond that he is to live at whatever the residence of his sister
is. He is to find employment, and he is to come back to this court on that date with proof
of it. I want him to report to his probation officer in the meantime.



Hill's bond was conditioned accordingly.

 Hill was arrested on October 12, 1995, on a warrant issued October 6, 1995, or four days
after the hearing. The reason for the arrest does not appear. At a hearing held October 19, 1995, the trial
judge revoked Hill's probation without receiving evidence and based on the State's motion and the evidence
received at the first hearing.



DUE PROCESS OF LAW DEPRIVATION


 In Hill's first point of error, he contends he was deprived, without due process of law, of
the liberty interest he had under his probation status. He argues the first hearing resulted in continuing his
preexisting probation rather than revoking it; and the State was therefore required to show a breach of
probation conditions thereafter, which it did not prove at the second hearing. See Rogers v. State, 640
S.W.2d 248, 263-65 (Tex. Crim. App. 1982) (On State's Second Motion for Rehearing). We hold that
Hill waived his claim of constitutional error by failing to object to the procedure followed in either of the
two hearings. Id.



INEFFECTIVE ASSI