NO. 07-01-0355-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 15, 2002

_____

RANDY LACKEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-433793; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Randy Lackey appeals from his conviction for theft and his sentence of 15 years incarceration. He challenges the trial court's failure to suppress evidence recovered pursuant to search warrants issued in Bailey County and Lubbock County. We affirm.

Appellant was indicted by a Lubbock County grand jury for theft of property of the aggregate value of $20,000 or more but less than $100,000. He was charged with theft of two vehicles and a trailer which police found in Lubbock County pursuant to search warrants issued by Lubbock County Court at Law Judge Larry Ladd. The Lubbock warrants were issued based on information obtained during a search in Bailey County pursuant to a search warrant issued by Bailey County Justice of the Peace Todd Ellis. Appellant contended that the Bailey County search warrant was invalid and moved to suppress physical evidence which was recovered as a result of searches pursuant to the Bailey County and Lubbock County warrants. The trial court overruled his motion to suppress. Following the trial court's ruling, appellant pled guilty pursuant to a plea bargain and was sentenced to 15 years confinement in the Texas Department of Criminal Justice, Institutional Division.

Appellant urges that the trial court erred in overruling his motion to suppress for two reasons. First, he contends that the Bailey County search warrant was illegal because Judge Ellis was not authorized to issue the warrant; addresses and other information obtained from documents viewed by officers during the Bailey County search formed the basis for issuance of the Lubbock County warrants; and thus the Lubbock County warrants were improperly issued because they were based on illegally-seized information. Second, he contends that the facts set forth in affidavits underlying the warrants were insufficient to support issuance of the warrants. We will address the contentions in the order presented.

Generally, a trial court's ruling on a motion to suppress is reviewed by an abuse of discretion standard. See Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999); Maddox v. State, 682 S.W.2d 563, 564 (Tex.Crim.App. 1985). Whether the trial court abused its discretion depends upon whether, given the record and the law, its decision fell outside the zone of reasonable disagreement. See Benitez v. State, 5 S.W.3d 915, 918 (Tex.App.--Amarillo 1999, pet. ref'd). However, if the facts determinative of the motion are undisputed, then the review is de novo. See Oles, 993 S.W.2d at 106; Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).

Appellant contends that the uncontested evidence proved Judge Ellis was not a licensed attorney and that his court was not a court of record. Thus, appellant concludes, Judge Ellis did not fall within any of the categories of judges authorized by TEX. CRIM. PROC. CODE ANN. art. 18.01(c) (Vernon Supp.)[1] to issue an evidentiary search warrant of the nature he issued. The State, however, argues that CCP art. 18.01(i) authorized Judge Ellis to issue such warrants because the only judge serving Bailey County who was a licensed attorney was 287th District Court Judge Gordon Green, whose district included more than one county, and because the warrant was issued for items denoted by CCP art. 18.02(10).

In connection with the motion to suppress, the State asked the trial court to take judicial notice of certain matters, including the facts that (1) Bailey County had two justices of the peace, neither of whom were attorneys; (2) the Bailey County judge was not an

---

[1]Reference to a provision of the Code of Criminal Procedure hereafter will be by reference to " CCP art. _."

3

attorney; (3) Bailey County did not have any County Courts at Law; (4) the 287th District Court encompassed Bailey and Parmer Counties; (5) Judge Ellis was a magistrate; and (6) the Bailey County search warrant was not a subsequent search warrant. Appellant did not in the trial court and does not on appeal contest the taking of judicial notice of such matters.

We agree with the State on this question. Judge Ellis was a magistrate, see CCP art. 2.09, authorized to issue the search warrant under CCP art. 18.01(i) and 18.02(10).

Appellant next urges that the Bailey County warrant was invalid because the affidavit on which it was issued contained stale information. The basis for appellant's position is that the affidavit referred to occurrences in March, 2000, but the warrant was not sought until May 6, 2000, more than 35 days after the occurrences. The State points out that the face of the affidavit shows facts and occurrences on May 5th and 6th, 2000, and that the matters occurring in March (as well as some matters occurring on May 1st) were referenced merely as part of the course of investigation of the more recent occurrences. Under such circumstances, the State urges, the information in the affidavit was not so stale as to invalidate the warrant. The State refers to Capistran v. State, 759 S.W.2d 121 (Tex.Crim.App. 1982) for support.

In Capistran, the appellant urged that a warrant was invalid because it was issued based on stale information in the underlying affidavit. The facts referred to in the affidavit were observations made "within the past seventy-two hours" by a confidential informant. The Court of Criminal Appeals held that information in the affidavit, under the

4

circumstances, was not so stale as to preclude a finding of probable cause and to invalidate a warrant issued pursuant to the affidavit. See id. at 127-28.

In the case before us, the affidavit, in part, presented information that a white male matching the description of appellant passed a check on May 5, 2000, on a checking account in the name of Marc Bates. The affidavit also set out that the account had been closed for years; the white male was driving a pickup truck with license plates registered to appellant at 1003 W. 6th Street in Muleshoe, Texas; and on May 6, 2000, appellant and the pickup were located at the 6th Street address. We conclude that facts and information included in the affidavit are not so stale as to negate a finding of probable cause. Id.

Appellant's brief and oral submission arguably raise a question as to whether an invalid "search" occurred when officers observed information on envelopes and other documents during the Bailey County search. Such issue was not presented to the trial court and we decline to consider it on appeal. See Tex. R. App. P. 33.1(a)(1); Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998) (the issue on appeal must correspond to the objection made at trial).

We conclude that Judge Ellis was authorized to issue the Bailey County warrant and that the information in the probable cause affidavit underlying the warrant was not so stale as to negate a finding of probable cause. Whether reviewed for an abuse of discretion or

by a *de novo* standard, <u>see</u> <u>Oles</u>, 993 S.W.2d at 106, the trial court's denial of appellant's motion to suppress was not erroneous.  The judgment is affirmed.


Phil Johnson
Justice


Do not publish.