NO. 07-01-0355-CR



IN THE COURT OF APPEALS


 

FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MAY 15, 2002



______________________________




RANDY LACKEY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-433793; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Randy Lackey appeals from his conviction for theft and his sentence of
15 years incarceration. He challenges the trial court's failure to suppress evidence
recovered pursuant to search warrants issued in Bailey County and Lubbock County. We
affirm.


 Appellant was indicted by a Lubbock County grand jury for theft of property of the
aggregate value of $20,000 or more but less than $100,000. He was charged with theft
of two vehicles and a trailer which police found in Lubbock County pursuant to search
warrants issued by Lubbock County Court at Law Judge Larry Ladd. The Lubbock
warrants were issued based on information obtained during a search in Bailey County
pursuant to a search warrant issued by Bailey County Justice of the Peace Todd Ellis. 
Appellant contended that the Bailey County search warrant was invalid and moved to
suppress physical evidence which was recovered as a result of searches pursuant to the
Bailey County and Lubbock County warrants. The trial court overruled his motion to
suppress. Following the trial court's ruling, appellant pled guilty pursuant to a plea bargain
and was sentenced to 15 years confinement in the Texas Department of Criminal Justice,
Institutional Division. 

 Appellant urges that the trial court erred in overruling his motion to suppress for two
reasons. First, he contends that the Bailey County search warrant was illegal because
Judge Ellis was not authorized to issue the warrant; addresses and other information
obtained from documents viewed by officers during the Bailey County search formed the
basis for issuance of the Lubbock County warrants; and thus the Lubbock County warrants
were improperly issued because they were based on illegally-seized information. Second,
he contends that the facts set forth in affidavits underlying the warrants were insufficient
to support issuance of the warrants. We will address the contentions in the order
presented.

 Generally, a trial court's ruling on a motion to suppress is reviewed by an abuse of
discretion standard. See Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999); 
Maddox v. State, 682 S.W.2d 563, 564 (Tex.Crim.App. 1985). Whether the trial court
abused its discretion depends upon whether, given the record and the law, its decision fell
outside the zone of reasonable disagreement. See Benitez v. State, 5 S.W.3d 915, 918
(Tex.App.--Amarillo 1999, pet. ref'd). However, if the facts determinative of the motion are
undisputed, then the review is de novo. See Oles, 993 S.W.2d at 106; Guzman v. State,
955 S.W.2d 85, 89 (Tex.Crim.App. 1997). 

 Appellant contends that the uncontested evidence proved Judge Ellis was not a
licensed attorney and that his court was not a court of record. Thus, appellant concludes,
Judge Ellis did not fall within any of the categories of judges authorized by Tex. Crim.
Proc. Code Ann. art. 18.01(c) (Vernon Supp.) (1) to issue an evidentiary search warrant of
the nature he issued. The State, however, argues that CCP art. 18.01(i) authorized Judge
Ellis to issue such warrants because the only judge serving Bailey County who was a
licensed attorney was 287th District Court Judge Gordon Green, whose district included
more than one county, and because the warrant was issued for items denoted by CCP art.
18.02(10). 

 In connection with the motion to suppress, the State asked the trial court to take
judicial notice of certain matters, including the facts that (1) Bailey County had two justices
of the peace, neither of whom were attorneys; (2) the Bailey County judge was not an
attorney; (3) Bailey County did not have any County Courts at Law; (4) the 287th District
Court encompassed Bailey and Parmer Counties; (5) Judge Ellis was a magistrate; and
(6) the Bailey County search warrant was not a subsequent search warrant. Appellant did
not in the trial court and does not on appeal contest the taking of judicial notice of such
matters. 

 We agree with the State on this question. Judge Ellis was a magistrate, see CCP
art. 2.09, authorized to issue the search warrant under CCP art. 18.01(i) and 18.02(10). 

 Appellant next urges that the Bailey County warrant was invalid because the affidavit
on which it was issued contained stale information. The basis for appellant's position is
that the affidavit referred to occurrences in March, 2000, but the warrant was not sought
until May 6, 2000, more than 35 days after the occurrences. The State points out that the
face of the affidavit shows facts and occurrences on May 5th and 6th, 2000, and that the
matters occurring in March (as well as some matters occurring on May 1st) were
referenced merely as part of the course of investigation of the more recent occurrences. 
Under such circumstances, the State urges, the information in the affidavit was not so stale
as to invalidate the warrant. The State refers to Capistran v. State, 759 S.W.2d 121
(Tex.Crim.App. 1982) for support. 

 In Capistran, the appellant urged that a warrant was invalid because it was issued
based on stale information in the underlying affidavit. The facts referred to in the affidavit
were observations made "within the past seventy-two hours" by a confidential informant. 
The Court of Criminal Appeals held that information in the affidavit, under the
circumstances, was not so stale as to preclude a finding of probable cause and to
invalidate a warrant issued pursuant to the affidavit. See id. at 127-28. 

 In the case before us, the affidavit, in part, presented information that a white male
matching the description of appellant passed a check on May 5, 2000, on a checking
account in the name of Marc Bates. The affidavit also set out that the account had been
closed for years; the white male was driving a pickup truck with license plates registered
to appellant at 1003 W. 6th Street in Muleshoe, Texas; and on May 6, 2000, appellant and
the pickup were located at the 6th Street address. We conclude that facts and information
included in the affidavit are not so stale as to negate a finding of probable cause. Id. 

 Appellant's brief and oral submission arguably raise a question as to whether an
invalid "search" occurred when officers observed information on envelopes and other
documents during the Bailey County search. Such issue was not presented to the trial
court and we decline to consider it on appeal. See Tex. R. App. P. 33.1(a)(1); Dixon v.
State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998) (the issue on appeal must correspond to
the objection made at trial). 

 We conclude that Judge Ellis was authorized to issue the Bailey County warrant and
that the information in the probable cause affidavit underlying the warrant was not so stale
as to negate a finding of probable cause. Whether reviewed for an abuse of discretion or 


by a de novo standard, see Oles, 993 S.W.2d at 106, the trial court's denial of appellant's
motion to suppress was not erroneous. The judgment is affirmed. 


 Phil Johnson

 Justice



Do not publish. 

 

 

 

 

1. Reference to a provision of the Code of Criminal Procedure hereafter will be by
reference to " CCP art. _."