NO. 07-04-0221-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 2, 2005


______________________________



PAUL GONZALES, JR., 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A15147-0309; HON. ROBERT W. KINKAID, JR. , PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Paul Gonzales, Jr., appeals his conviction for possessing a controlled substance,
cocaine. His three issues concern 1) the trial court overruling his motion to suppress
evidence, 2) the State's purported exclusion of Hispanics from the venire, and 3) the
effectiveness of his trial counsel since the latter raised no Batson challenge. We affirm the
judgment of the trial court. 




Background


 An officer of the Plainview Police Department had received reports about drug
transactions at a particular residence. The officer conducted surveillance of the residence
and observed a number of people enter the house and then leave a few minutes later. 
Subsequently, a confidential informant gained entrance to the residence and informed the
officer that a large amount of cocaine was located there. With this information, the officer
obtained a search warrant permitting him to search the house. Upon executing it, he found
cocaine both in the abode and on appellant's person. 

 Appellant moved to suppress the evidence obtained as a result of the search. The
trial court denied the motion, after which appellant pled guilty to the jury. 

Issue One - Search Warrant


 Through his first issue, appellant argues that the search warrant was defective. The
defect involved the affidavit upon which the magistrate relied to issue the warrant. 
Furthermore, according to appellant, it was defective since it failed to establish the
informant's reliability by revealing that the data provided by the informant on other
occasions related to drugs or drug trafficking. We overrule the issue. 

 The relevant part of the affidavit is as follows:

 The affiant has been investigating Paulo Gonzales Jr. for the past several
months on suspected narcotics trafficking . . . . 


 In the past 26 days the affiant has received information from a credible,
honest, trustworthy confidential informant, who is in good standing in the
community and holds a steady employment. The informant has given the
affiant information in the past that was proven to be true and credible during
the investigation on the Gonzales suspect. The informant has seen a large
quantity of cocaine inside the above listed residence within the last 24 hours.
. . . 

(Emphasis added). The rather terse allegation about the informant's reliability (which we
italicized) differs little from that before the court in Capistran v. State, 759 S.W.2d 121
(Tex. Crim. App. 1988) (involving a search for marijuana). There, the affiant said that the
"informant is known to [him] and has given [him] reliable information twice in the past." Id.
at 127. The Court of Criminal Appeals found the allegation sufficient to establish the
informant's reliability. Moreover, the court also held that "a layman is permitted to assert
that a substance seen by him is marihuana without a showing in the affidavit of his
qualifications to recognize it." Id. at 128. Given the similarity between the allegations
concerning the informant's reliability here and in Capistran and because we are bound by
the opinions of the Court of Criminal Appeals, we must reject appellant's contention that
the informant's reliability was insufficiently illustrated in the affidavit. 

Issues Two and Three - Batson Challenge


 The remaining two issues involve a Batson challenge, or the lack thereof. (1) 
Appellant initially contends that the jury venire was subject to such a challenge. Then he
posits that because trial counsel failed to assert one, he (appellant) received ineffective
assistance from his counsel. We overrule each point.

 Regarding the Batson challenge itself, it was not asserted below. Thus, appellant
waived it. See Johnson v. State, 879 S.W.2d 313, 317 (Tex. App.-Amarillo 1994, no pet.)
(stating that a Batson challenge is subject to waiver if not raised at trial).

 Regarding the ineffective assistance claim, appellant again focuses upon a Batson
challenge. However, because one was not asserted below, he posits that his counsel
denied him effective assistance. Yet, he also acknowledges that the appellate record
before us prevents him from showing that there exists a reasonable probability that the
outcome would have differed had such a challenge been made. And, according to our
Court of Criminal Appeals, establishing that is elemental to succeeding upon a claim of
ineffective assistance. See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)
(stating that to prove a claim of ineffective assistance, one must establish not only that his
counsel was deficient but also that the deficiency was prejudicial). 

 Finally, because the Court of Criminal Appeals requires an appellant to show that
the purported error by counsel affected the outcome of the trial, we are not at liberty to
ignore the requirement. Thus, we reject appellant's invitation to do so here. Should
anyone care to formulate a new test to apply in claims such as these, the authority to
effectuate that change lies with the Court of Criminal Appeals.

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn 

 Chief Justice


Do not publish. 
1. Batson v. Kentucky, 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986).