NO. 07-04-0221-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 2, 2005
_____

PAUL GONZALES, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A15147-0309; HON. ROBERT W. KINKAID, JR. , PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J.,  and CAMPBELL and HANCOCK, JJ.

Paul Gonzales, Jr., appeals his conviction for possessing a controlled substance, cocaine.  His three issues concern 1) the trial court overruling his motion to suppress evidence, 2) the State's purported exclusion of Hispanics from the venire, and 3) the effectiveness of his trial counsel since the latter raised no *Batson* challenge. We affirm the judgment of the trial court.

## *Background*

An officer of the Plainview Police Department had received reports about drug transactions at a particular residence. The officer conducted surveillance of the residence and observed a number of people enter the house and then leave a few minutes later. Subsequently, a confidential informant gained entrance to the residence and informed the officer that a large amount of cocaine was located there. With this information, the officer obtained a search warrant permitting him to search the house. Upon executing it, he found cocaine both in the abode and on appellant's person.

Appellant moved to suppress the evidence obtained as a result of the search. The trial court denied the motion, after which appellant pled guilty to the jury.

## *Issue One - Search Warrant*

Through his first issue, appellant argues that the search warrant was defective. The defect involved the affidavit upon which the magistrate relied to issue the warrant. Furthermore, according to appellant, it was defective since it failed to establish the informant's reliability by revealing that the data provided by the informant on other occasions related to drugs or drug trafficking. We overrule the issue.

The relevant part of the affidavit is as follows:

The affiant has been investigating Paulo Gonzales Jr. for the past several months on suspected narcotics trafficking . . . .

In the past 26 days the affiant has received information from a credible, honest, trustworthy confidential informant, who is in good standing in the community and holds a steady employment. *The informant has given the affiant information in the past that was proven to be true and credible during the investigation on the Gonzales suspect.* The informant has seen a large

2

quantity of cocaine inside the above listed residence within the last 24 hours.

. . .

(Emphasis added). The rather terse allegation about the informant's reliability (which we italicized) differs little from that before the court in *Capistran v. State*, 759 S.W.2d 121 (Tex. Crim. App. 1988) (involving a search for marijuana). There, the affiant said that the "informant is known to [him] and has given [him] reliable information twice in the past." *Id.* at 127. The Court of Criminal Appeals found the allegation sufficient to establish the informant's reliability. Moreover, the court also held that "a layman is permitted to assert that a substance seen by him is marihuana without a showing in the affidavit of his qualifications to recognize it." *Id.* at 128. Given the similarity between the allegations concerning the informant's reliability here and in *Capistran* and because we are bound by the opinions of the Court of Criminal Appeals, we must reject appellant's contention that the informant's reliability was insufficiently illustrated in the affidavit.

### *Issues Two and Three - Batson Challenge*

The remaining two issues involve a *Batson* challenge, or the lack thereof.[1] Appellant initially contends that the jury venire was subject to such a challenge. Then he posits that because trial counsel failed to assert one, he (appellant) received ineffective assistance from his counsel. We overrule each point.

Regarding the *Batson* challenge itself, it was not asserted below. Thus, appellant waived it. *See Johnson v. State,* 879 S.W.2d 313, 317 (Tex. App.–Amarillo 1994, no pet.) (stating that a *Batson* challenge is subject to waiver if not raised at trial).

---

[1]*Batson v. Kentucky,* 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986).

3

Regarding the ineffective assistance claim, appellant again focuses upon a *Batson* challenge. However, because one was not asserted below, he posits that his counsel denied him effective assistance. Yet, he also acknowledges that the appellate record before us prevents him from showing that there exists a reasonable probability that the outcome would have differed had such a challenge been made. And, according to our Court of Criminal Appeals, establishing that is elemental to succeeding upon a claim of ineffective assistance. *See Bone v. State,* 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (stating that to prove a claim of ineffective assistance, one must establish not only that his counsel was deficient but also that the deficiency was prejudicial).

Finally, because the Court of Criminal Appeals requires an appellant to show that the purported error by counsel affected the outcome of the trial, we are not at liberty to ignore the requirement. Thus, we reject appellant's invitation to do so here. Should anyone care to formulate a new test to apply in claims such as these, the authority to effectuate that change lies with the Court of Criminal Appeals.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.

4