Supplemental Opinion issued March 8, 2007









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00243-CR






ANGEL LUIS CRUZ, Appellant


V.


THE STATE OF TEXAS , Appellee






On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 994923






SUPPLEMENTAL OPINION ON MOTION FOR REHEARING


 In our opinion of August 24, 2006, we held that the trial court erred by
sentencing appellant outside the proper range of punishment. Specifically, appellant
was sentenced to 30 years' confinement for aggravated sexual assault, even though
he was convicted of sexual assault, which carries a punishment range of two to 20
years.

 On motion for rehearing, the State argues that appellant is estopped from
complaining about the 30-year-sentence under the doctrine of invited error. The
Court of Criminal Appeals has applied the invited error doctrine when the defendant
"invites" the trial court to do something, the trial court does the act, and thereafter the
defendant complains of the trial court's action. Kelley v. State, 823 S.W.2d 300, 302
(Tex. Crim. App. 1992); Capistran v. State, 759 S.W.2d 121, 124 (Tex. Crim. App.
1982) (op. on reh'g). Under the doctrine of invited error, if a party requests or moves
the trial court to make an erroneous ruling, and the court rules in accordance with the
request or motion, the party responsible for the court's action cannot take advantage
of the error on appeal. Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999),
cert. denied, 529 U.S. 1102, 120 S.Ct. 1840 (2000); Capistran, 759 S.W.2d at 124.

 During the charge conference, the following exchange took place: 

 [Prosecutor]: I didn't catch this sexual assault. It says they made an
affirmative finding of a deadly weapon. That increases the punishment
range to a first-degree under the Code. And we've--in the punishment
range in the charge is two to 20.


 [The Court]: Yeah. I recognized that.


 [Prosecutor]: I just caught that, but they made that deadly weapon
finding and so under the Code, it increases it to a first-degree.


 [Defense Counsel] I agree, but I didn't catch it.


 [The Court]: Yeah. Okay.


 (End of Charge Conference)


 [The Court]: We've made a mistake in the charge. Let's take the jury
out.


 [The Court]: Okay. Allright. Ladies and gentlemen, I apologize. I'll
give you a brief explanation. I had the punishment range for sexual--
because there was a special issue finding, it is aggravated sexual assault. 
So, the punishment range is different. But the punishment ranges for
aggravated sexual assault and aggravated robbery are the same. They're
both first degrees. The punishment range I'll read to you. And I've
already read everything else to you and I will not read it again. And
we'll get right to argument afterwards.


[Emphasis added].


 In this case, the State--not the defendant--requested that the punishment range
for aggravated sexual assault be submitted to the jury. Nevertheless, the State argues
that "appellant eagerly agreed and in effect joined the State in requesting a
punishment rage for a first-degree felony." Defense counsel's statement, "I agree, but
I didn't catch it" is not an affirmative request for the trial court to charge the jury on
the greater offense of aggravated sexual assault. As such, appellant is not estopped
from raising the error on appeal. (1)

 We OVERRULE the State's motion for rehearing.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Alcala.


Do not publish. Tex. R. App. P. 47.2(b).
1. 
 
 -- 
 
 
 -- 
 
 
 
' 
 
 
 ""