The STATE of Texas, Appellant,

v.

Steve MANNING, Appellee.

No. 10–91–221–CR.

Court of Appeals of Texas, Waco.

July 1, 1992.

Sandy Gately, Dist. Atty., Gatesville, for appellant.

W.V. Dunnam, Jr., Dunnam & Dunnam, Waco, for appellee.

Before THOMAS, C.J., and VANCE and CUMMINGS, JJ.

## OPINION

VANCE, Justice.

Steve Manning was charged with the offense of hindering a secured creditor. *See* TEX.PENAL CODE ANN. § 32.33 (Vernon 1989). After a jury was empaneled and sworn, he pled not guilty. During the testimony of the first witness, Manning objected to two exhibits—a security agreement and a loan agreement. After the court sustained his objection, the State moved to dismiss the indictment. The State contends in two points that the court erred in sustaining the objection to the exhibits. Manning has, however, filed a motion to dismiss the appeal, asserting that the State cannot appeal after jeopardy attaches.

The State asserts the right to appeal under subsections (1) and (5) of article 44.-01(a) of the Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 44.-01(a)(1), (5) (Vernon Supp.1992).

The record reflects that the State and Manning announced ready for trial, the oath was administered to the jury, the rule was invoked, and Manning pled not guilty to the indictment. After opening statements by both attorneys, the State's first witness, David Barnard, began to testify. During Barnard's testimony, Manning objected to the State's offer of the two exhibits into evidence. After hearing argu-

ments, the court sustained the objection. The State then moved to dismiss the indictment, and the court dismissed the case.

■ In jury trials, jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 37–38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978); *McElwee v. State*, 589 S.W.2d 455, 458–59 (Tex.Crim. App.1979).

We find no authority for this appeal in subsection (5) of article 44.01(a), which provides that the State can appeal from an order granting any of the specified motions only if jeopardy has not attached. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(5). Thus, the State's hope for a successful appeal depends on subsection (1) of article 44.01(a), which provides for an appeal by the State from an order that "dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint." *See id.* art. 44.01(a)(1).

The State maintains that *State v. Young, State v. Moreno,* and *State v. Eaves* authorize this appeal. *See State v. Young*, 810 S.W.2d 221 (Tex.Crim.App.1991); *State v. Moreno*, 807 S.W.2d 327 (Tex.Crim.App. 1991); *State v. Eaves*, 800 S.W.2d 220 (Tex. Crim.App.1990). *Young* addressed a dismissal of indictments by the trial court after a determination on a writ of habeas corpus that the indictments had been returned by a grand jury that had already been discharged. The Court of Criminal Appeals reaffirmed an earlier holding that subsection (1) grants the State "the power to appeal from '*any* trial court order concerning an indictment or information, and the Court of Appeals has the jurisdiction to address the merits of the appeal from that order whenever the order effectively terminates the prosecution in favor of the defendant.' " TEX.CODE CRIM.PROC.ANN. art. 44.-01(a)(1); *Young*, 810 S.W.2d at 222. *Moreno* held that a trial court's order that *quashed* an indictment rather than *dismissing* it could be appealed by the State. *Moreno*, 807 S.W.2d at 332. In *Eaves*, the Court allowed an appeal from an order that declared unconstitutional the statute upon which the information was based and "set aside" the information. *Eaves*, 800 S.W.2d

at 220–21. In each of these cases, the action taken by the trial court from which the State appealed was taken before jeopardy had attached. *Id.; Young*, 810 S.W.2d at 222; *Moreno*, 807 S.W.2d at 332. Here, the trial court ordered the dismissal after the jury had been empaneled and sworn; thus, jeopardy had attached. *See Crist*, 437 U.S. at 37–38, 98 S.Ct. at 2162; *McElwee*, 589 S.W.2d at 458–59.

■ The impetus for dismissal of a criminal case can arise from only three sources: the court's own motion or a motion by the State or defense. Absent certain circumstances, a trial court does not have authority to dismiss a criminal case on its own motion. *State v. Johnson*, 821 S.W.2d 609, 613 (Tex.Crim.App.1991). Because it has the right to dismiss, the State ordinarily would not make a pre-trial motion that would result in an order that dismisses an indictment, information, or complaint. Thus, as a practical matter, subsection (1) of article 44.01(a) could only have been designed to allow the State to appeal from orders granting defense motions when the order dismisses the charging instrument.

The State overlooks the language in *State v. Moreno* that speaks to the situation at hand where the court said:

[W]e therefore hold that the trial court "effectively terminates" the prosecution against an accused whenever the effect of its order forces any alteration of the indictment or information *before the trial on the merits* and the State is not willing to comply with that order.

*Moreno*, 807 S.W.2d at 334 (emphasis added). "Before the trial on the merits" in this context means before jeopardy attaches. The Court of Criminal Appeals has already recognized that the constitutional ban on the right of the State to appeal has its genesis in the federal constitutional right not to be twice placed in jeopardy for the same offense. *Id.* at 329 n. 3. In doing so, it recognized that the State has no right to appeal under subsection (1) of article 44.01(a) after jeopardy attaches. *See id.* at 334; TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1). Manning's motion to dismiss the appeal must be granted.

Further, even if the appeal were properly before us, the State's voluntary motion to dismiss the indictment and its appeal from the order of dismissal are inconsistent acts. "It is well established in our jurisprudence that 'an accused cannot invite error and then complain thereof.'" *Capistran v. State,* 759 S.W.2d 121, 124 (Tex.Crim.App.1982). This concept of "invited error" may be stated:

> [I]f, during the progress of a cause, any party thereto request[s] or move[s] the court to make an erroneous ruling, and the court rule[s] in accordance with such request or motion, he cannot take advantage of the error on appeal.

*Id.* We believe that, now that the State has a limited right of appeal, the doctrine should apply to the State as well as to an accused. Thus, the State cannot complain about a dismissal that it invited by making a motion to dismiss. *See id.*

The appeal is dismissed.

CUMMINGS, J., not participating.