The STATE of Texas, Appellant,

v.

Sabra Hassan MOHSENE, Appellee.

No. 05–96–00163–CR.

Court of Appeals of Texas,
Dallas.

Dec. 31, 1996.

Paul W. Leech, Grand Prairie, for appellant.

Tom O'Connell, Criminal District Attorney, McKinney, for appellee.

Before LAGARDE, KINKEADE and MALONEY, JJ.

## OPINION

MALONEY, Justice.

The trial court dismissed the criminal case against Sabra Hassan Mohsene, appellee, after all evidence had been presented. The trial court found that the information had as its basis a void complaint. In one point of error, the State complains the trial court erred in considering appellee's motion for directed verdict and in dismissing the case. We dismiss the appeal for want of jurisdiction.

## BACKGROUND

Appellee was charged by information with criminal simulation for possessing with intent to sell counterfeit Dooney and Bourke purses. On the day of trial, both parties announced ready. After the announcement of ready, the State moved to amend the information by deleting the words "Dooney and Burke [sic]."[1] Appellee objected to the

---

1. The information read as follows:
 [Appellee] with intent to defraud and harm another, intentionally and knowingly pos-

 sess[ed] with intent to sell, pass, and otherwise utter, an object, to-wit: Dooney and Burke [sic] purses and wallets that had been so made

amendment, asserting that it changed the State's proof "180 degrees."

The trial court treated the motion to amend as a motion to strike surplus language. The trial court granted the amendment and offered appellee ten additional days to prepare for trial, stating that "I think you're entitled to prepare things that you wouldn't have urged earlier such as a motion to quash or things like that." Appellee refused the ten additional days and did not urge a motion to quash the information.

Trial on the merits began. At the close of the State's evidence, appellee moved for a finding of not guilty because (1) the affidavit did not support the amended information; (2) a fatal variance existed between the allegation and the proof; and (3) the evidence was insufficient to prove the allegations in the information. Appellee argued that the information had as its basis a complaint which alleged he possessed authentic Dooney and Bourke purses, but the proof showed he possessed counterfeit purses. He contended that proof counter to the material allegations in the underlying affidavit could not support a finding of guilt. The trial court overruled appellee's motion.[2]

After the trial court overruled appellee's motion, appellee called several witnesses to testify in his behalf. The following morning, the trial court began trial by stating that some courts interpreted a variance between the complaint and the information as prohibiting a proper conviction under article 21.22 of the code of criminal procedure. The trial court then noted that the cases he had examined indicated there could be only one affidavit to support the information and asked the prosecutor to indicate on which affidavit the

State relied to file the information. The prosecutor chose the probable cause affidavit, State's exhibit six.

Appellee responded to the State's choosing exhibit six as the relied-upon affidavit by arguing the probable cause affidavit did not allege intent to defraud or harm, an element of the offense. The trial court agreed and found the underlying affidavit to be defective because it failed to allege an offense. The trial court ruled that an information without a valid complaint could not sustain a conviction and stated that he would find appellee "not guilty" because the information was based on a void complaint. The State countered with the argument that, if the court found the complaint and information to be void, the court had no jurisdiction and could only dismiss the case rather than find appellant not guilty.[3] The trial court ruled as follows:

> After having found the complaint defective and void, the court finding therefore because of that, the information is void, the court finds that the court has no jurisdiction. The court rules that the motion for finding of not guilty, in the sense of ruling that the elements have not been proved, is denied, but based upon the asking for that relief and the prosecutor pointing out to me that the proper order should be one of dismissal and not granting the finding of not guilty, I'm going to follow that suggestion by the prosecutor and order the case be dismissed.

The judge then entered a written "Order Dismissing Case."

The State appeals the trial court's dismissing the case for a void complaint when appellee had not filed a motion to quash.[4] When

that it appeared to have value because of source and authorship that it did not have, and the defendant possessed said object with knowledge that it had been so made.

2. The trial court commented that if there was such a rule, the probable cause affidavit (admitted as State's exhibit six) which supported the arrest warrant would support the information.

3. We note that the presentment of an information to a court invests the court with jurisdiction regardless of any defect that might exist in the underlying complaint. *Aguilar v. State,* 846 S.W.2d 318, 320 (Tex.Crim.App.1993) (citing Tex.

Const. art. V, § 12(b)). Therefore, defects in complaints are no longer "jurisdictional" in the traditional sense, and a defendant must raise those defects before trial or he waives any complaint of a charging instrument's defect. *Aguilar,* 846 S.W.2d at 320.

4. It is well established that an accused cannot invite error and then complain of the error on appeal. *See, e.g., Capistran v. State,* 759 S.W.2d 121, 124 (Tex.Crim.App.1988) (op. on reh'g); *Thomas v. State,* 621 S.W.2d 158, 165 (Tex.Crim. App. [Panel Op.] 1981) (op. on reh'g); *Cadd v. State,* 587 S.W.2d 736, 741 (Tex.Crim.App.1979);

this Court requested that the parties brief the jurisdictional issue, the State argued that article 44.01(a)(1) vests this Court with appellate jurisdiction. We disagree.

## JURISDICTION

### 1. Applicable Law

 Article 44.01 governs the State's right to appeal in criminal cases. TEX.CODE CRIM.PROC. ANN. art. 44.01 (Vernon Supp. 1997). The State may appeal an order that dismisses all or any portion of an indictment, information, or complaint. TEX.CODE CRIM. PROC.ANN. art. 44.01(a)(1). "[T]he State has the power to appeal from any trial court order concerning an indictment or information (and the Court of Appeals has the jurisdiction to address the merits of the appeal from that order) whenever the order effectively terminates the prosecution in favor of the defendant." *State v. Moreno*, 807 S.W.2d 327, 332 (Tex.Crim.App.1991). A trial court effectively terminates a prosecution "whenever the effect of its order forces any alteration of the indictment or information *before the trial* on the merits and the State is not willing to comply with that order." *Id.* at 334 (emphasis added).

 When any court undertakes to determine the scope of its jurisdiction, jurisdiction should be readily apparent and not dependent upon questionable circumstances of each unique case. *State v. Young*, 810 S.W.2d 221, 223 (Tex.Crim.App.1991). Additionally, to determine our jurisdiction, we "must look to the effect of any orders concerning an indictment or information, not what the trial court or the parties at trial have labeled such orders." *Id.* If the effect of the trial court's order is to terminate the State's prosecution, the State may appeal under article 44.01(a)(1). *State v. Garrett*, 824 S.W.2d 181, 183–84 (Tex.Crim.App.1992).

### 2. Application of Law to Facts

 The State relies on article 44.01(a)(1) as authority for our appellate jurisdiction. The State misplaces its reliance. Although

*Ex parte Guerrero*, 521 S.W.2d 613, 614 (Tex. Crim.App.1975). Surely, this rule of law applies

the bench trial ended in favor of the defendant, the trial court did not dismiss the information *before trial.* Here, the State had an opportunity to put on all of its evidence.

The State cites us to no authority, and we have found none, where the trial court may dismiss a case on oral motion of the State in lieu of finding the defendant not guilty. The trial court labeled its judgment an "order dismissing the case," but we do not rely upon an order's label. Rather, we look to the effect of the order. *See Young,* 810 S.W.2d at 223. The trial court's dismissal was, in effect, an acquittal of appellee after a trial on the merits. The State may not appeal an acquittal. *See Moreno,* 807 S.W.2d at 332 n. 6.

We dismiss the appeal for want of jurisdiction.