TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00366-CR






The State of Texas, Appellant



v.



Larry James King, Appellee






NO. 03-97-00367-CR






The State of Texas, Appellant



v.



Mary Alice King, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NOS. 19,191 & 19,192, HONORABLE ROBERT M. STEM, JUDGE PRESIDING







 The State of Texas appeals from the trial judge's dismissal of a criminal proceeding. We
will dismiss the appeals for want of jurisdiction.


THE CONTROVERSY


 On May 15, 1996, Larry James King and Mary Alice King (1) were indicted for the
aggravated assault of David Downing. The State encountered problems at the beginning of trial when its
first three witnesses, police officers who worked on the case, testified that the wounds to Downing's head
were not inflicted with a machete, as alleged in the indictment. Another State's witness, an emergency
medical technician who treated Downing, also averred the indictment did not accurately describe how
Downing's wounds were inflicted. Other evidence indicated that Downing was perhaps the aggressor in
the attack.

 During the trial, the trial court repeatedly admonished the district attorney, Hollis Lewis,
for improper conduct. The court reproached Lewis for eliciting inadmissible testimony, violating discovery
orders, and providing the defense with false information. King ultimately moved for a mistrial. The court
sustained the motion, declaring that the State's violations of the court's discovery order reaches "a rather
monumental level that I haven't seen in twelve years on the bench."

 King brought to the attention of the trial court the court of criminal appeals opinion Bauder
v. State, 921 S.W.2d 696 (Tex. Crim. App. 1996). Bauder holds that when a prosecutor intentionally
or recklessly causes a mistrial, the double-jeopardy clause of the Texas Constitution bars reprosecution
of the cause. Id. at 698-99.

 On May 9, 1997, Lewis sent a letter to the judge stating:


I feel that the State's efforts to bring this case before another jury would not be the best
use of my office's assets and personnel which are already overburdened with a heavy case
load. Therefore, I will not pursue the [case against King] and do not request that [it] be
reset on the trial docket.



 On May 29, 1997, the court made findings of fact and conclusions of law in which the court
determined that Lewis deprived King of his Constitutional rights under Bauder by deliberately causing a
mistrial. The court found that Lewis "crossed the line from legitimate adversarial gamesmanship to
manifestly improper prosecutorial methods," and concluded that no sanction less than declaring a mistrial
would have protected King from Lewis's intentional conduct. The court concluded the district attorney's
conduct "bars a subsequent retrial of King pursuant to the Double Jeopardy Clauses of the United States
and Texas Constitutions." The trial court granted the State's motion to dismiss the cause, adding that the
dismissal was "with prejudice." (2) 

 The State now appeals, arguing that the trial court should not have dismissed the case with
prejudice. We will dismiss the appeals for want of jurisdiction.


DISCUSSION AND HOLDINGS


 The State in criminal cases may appeal a trial-court order only as provided in article 44.01
of the Texas Code of Criminal Procedure (West Supp. 1998). That article authorizes the State to appeal
an order "dismissing an indictment, information, or complaint or any portion of an indictment, information,
or complaint." Id. art. 44.01(a)(1). 

 Although the State's right to appeal from an order dismissing an indictment, information,
or complaint is not explicitly limited to pretrial dismissals, double-jeopardy considerations bar the State
from appealing when the dismissal is ordered after jeopardy has attached. See 43 George E. Dix and
Robert O. Dawson, Criminal Practice and Procedure § 43.151 (Texas Practice 1995) (hereafter "Dix
and Dawson"); see also State v. Manning, 833 S.W.2d 322, 323 (Tex. App.--Waco 1992, no pet.). 
The court of criminal appeals indicated as much in State v. Moreno, when it stated that article 44.01(a)(1)
allows the State to appeal an order "whenever the effect of [the] order forces any alteration of the
indictment or information before the trial on the merits and the State is not willing to comply with that
order." 807 S.W.2d 327, 334 (Tex. Crim. App. 1991) (emphasis added); see also State v. Mohsene,
936 S.W.2d 732, 733 (Tex. App.--Dallas 1996, no pet.). Because the dismissal took place two days
into trial in the present case, we hold the State had no right to appeal the dismissal under article 44.01. (3) 

 Assuming we have jurisdiction, however, the State's voluntary motion to dismiss the
indictment and its appeal from the order of dismissal are inconsistent acts. The State cannot invite error
and then complain thereof. Capistran v. State, 759 S.W.2d 121, 124 (Tex. Crim. App. 1982); Manning,
833 S.W.2d at 324 (State cannot appeal dismissal it requested). The State does not complain of the
dismissal except insofar as it purports to bar further prosecution of the cause. By virtue of the trial-court
determination that the prosecutor intentionally caused a mistrial, the dismissal was necessarily "with
prejudice." See Bauder, 921 S.W.2d at 698-99.

 We dismiss the appeals for want of jurisdiction.



 

 John Powers, Justice

Before Justices Powers, Aboussie and Davis*

Dismissed for Want of Jurisdiction on Both Causes

Filed: April 30, 1998

Do Not Publish






















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).

1. King and his wife, Mary Alice King, were both indicted for the assault and tried together. Both
appeal. The facts of the two appeals are identical. For convenience we will refer hereafter only to Larry
James King.
2. The order dismissing the cause recites the trial court made it pursuant to the "State's Motion to
Dismiss" considered by the court on May 19, 1997. The record does not include the motion, but the State
concedes it requested the dismissal.
3. There is another reason the order may not be appealable. The trial-court order dismissed the "cause"
with prejudice. The statute only permits appeal of orders affecting the "indictment, information, or
complaint." See Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 1998). Facially, the statute
does not embrace an order dismissing a "cause" based on the sufficiency of evidence showing a defendant's
entitlement to dismissal under Bauder. See Bauder v. State, 921 S.W.2d 696, 698-99 (Tex. Crim. App.
1996).

 While often there is no functional difference between dismissing the "indictment," the "cause," or
the "prosecution of the case," the fact that the State has only a statutory right of appeal may make the
difference relevant in the context of article 44.01. See 42 Dix and Dawson, § 30.02 (1995). The
distinction may render the dismissal of a "prosecution" or a "cause"-- as opposed to the dismissal of an
"indictment" or "information"-- unappealable under article 44.01. See Taylor v. State, 886 S.W.2d 262,
266 (Tex. Crim. App. 1994); State v. Stone, 785 S.W.2d 432, (Tex. App.--Eastland 1990, pet. ref'd)
(State entitled to appeal only orders of the type specifically listed in article 44.01). 


ent or information before the trial on the merits and the State is not willing to comply with that
order." 807 S.W.2d 327, 334 (Tex. Crim. App. 1991) (emphasis added); see also State v. Mohsene,
936 S.W.2d 732, 733 (Tex. App.--Dallas 1996, no pet.). Because the dismissal took place two days
into trial in the present case, we hold the State had no right to appeal the dismissal under article 44.01. (3) 

 Assuming we have jurisdiction, however, the State's voluntary motion to dismiss the
indictment and its appeal from the order of dismissal are inconsistent acts. The State cannot invite error
and then complain thereof. Capistran v. State, 759 S.W.2d 121, 124 (Tex. Crim. App. 1982); Manning,
833 S.W.2d at 324 (State cannot appeal dismissal it requested). The State does not complain of the
dismissal except insofar as it purports to bar further prosecution of the cause. By virtue of the trial-court
determination that the prosecutor intentionally caused a mistrial, the dismissal was necessarily "with
prejudice." See Bauder, 921 S.W.2d at 698-99.

 We dismiss the appeals for want of jurisdiction.



 

 John Powers, Justice

Before Justices Powers, Aboussie and Davis*

Dismissed for Want of Jurisdiction on Both Causes

Filed: April 30, 1998

Do Not Publish