TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00390-CR






The State of Texas, Appellant



v.



Kyle Duckett, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 52,204, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







The State seeks to exercise its limited right to appeal. See Tex. Code Crim. Proc.
Ann. art. 44.01 (West Supp. 1999). Because we find that no statutory ground for a State appeal
is present, we will dismiss the appeal.

After being convicted in municipal court for being a minor in possession of alcohol,
appellee Kyle Duckett appealed to the county court at law. See Tex. Code Crim. Proc. Ann. art. 
44.17 (West Supp. 1999). Such an appeal is by trial de novo. Id. When the cause was called for
trial, both parties were present and announced ready. The witnesses were sworn and the rule was
invoked. When the complaint was read, it was discovered that the complaint on file was
defective. (1) After some discussion among the parties and the court regarding the problem this
presented, if any, Duckett entered his plea of not guilty to the defective complaint. At this point,
the State asked permission to file what it called the correct complaint. Duckett objected and the
motion was overruled. The State then moved for a continuance. This also was denied. Finally,
the State moved to amend the complaint on file. Again, Duckett objected and the motion was
overruled. The Court asked the State if it wished to proceed with proof. The prosecutor replied
that the State offered no evidence. Duckett then moved for and was granted a finding of not
guilty. 

The court's written judgment is styled "judgment and dismissal." The judgment
recites that the cause was called for trial before the court after Duckett waived his right to trial by
jury, that Duckett pleaded not guilty, and that "after all of the proceedings were complete and both
sides closed, there was a finding of NOT GUILTY by the Court." The judgment concludes, "IT
IS THEREFORE CONSIDERED ORDERED, ADJUDGED AND DECREED BY THIS
COURT, that this cause is dismissed with prejudice."

The State asserts three points of error in its brief: (1) the county court at law did
not have jurisdiction in the absence of a proper complaint, (2) the court erred by overruling the
State's motion to amend the complaint, and (3) the court erred by overruling the State's motion
for continuance. The State's brief does not cite the authority by which it invokes this Court's
jurisdiction to consider these points.

The county court at law's judgment confirms what the reporter's record reflects:
that Duckett was tried and found not guilty by the court. Article 44.01 does not permit the State
to appeal from a judgment of acquittal. Nor may the State invoke its authority to appeal under
article 44.01(a)(1), even if we were to treat the court's judgment as merely an order of dismissal. 
Article 44.01(a)(1) permits the State to appeal an order dismissing an "indictment, information,
or complaint." The court's judgment dismisses the "cause," not the complaint. See Taylor v.
State, 886 S.W.2d 262, 266 (Tex. Crim. App. 1994); State v. Stone, 785 S.W.2d 432 (Tex.
App.--Eastland 1990, no pet.) (State may appeal only orders of the type listed in article 44.01);
see also 42 George E. Dix & Robert O. Dawson, Criminal Practice and Procedure § 30.02 (Texas
Practice 1995). Moreover, double jeopardy considerations bar the State from appealing a
dismissal after jeopardy has attached. See State v. Manning, 833 S.W.2d 322, 323 (Tex.
App.--Waco 1992, no pet.); 43 Dix & Dawson, supra, § 43.151. The court of criminal appeals
indicated as much when it stated that article 44.01(a)(1) allows the State to appeal an order
"whenever the effect of [the] order forces any alteration of the indictment or information before
the trial on the merits . . . ." State v. Moreno, 807 S.W.2d 327, 334 (Tex. Crim. App. 1991);
see also State v. Mohsene, 936 S.W.2d 732, 734 (Tex. App.--Dallas 1996, no pet.). In this
cause, jeopardy attached when Duckett entered his plea. See State v. Torres, 805 S.W.2d 418,
421 (Tex. Crim. App. 1991).

The appeal is dismissed.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed: March 18, 1999

Do Not Publish
1. The complaint failed to allege the primary element of the offense, possession of an alcoholic
beverage. See Tex. Alco. Bev. Code Ann. § 106.05(a) (West Supp. 1999).



TYLE="font-size: 11pt">
NO. 52,204, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







The State seeks to exercise its limited right to appeal. See Tex. Code Crim. Proc.
Ann. art. 44.01 (West Supp. 1999). Because we find that no statutory ground for a State appeal
is present, we will dismiss the appeal.

After being convicted in municipal court for being a minor in possession of alcohol,
appellee Kyle Duckett appealed to the county court at law. See Tex. Code Crim. Proc. Ann. art. 
44.17 (West Supp. 1999). Such an appeal is by trial de novo. Id. When the cause was called for
trial, both parties were present and announced ready. The witnesses were sworn and the rule was
invoked. When the complaint was read, it was discovered that the complaint on file was
defective. (1) After some discussion among the parties and the court regarding the problem this
presented, if any, Duckett entered his plea of not guilty to the defective complaint. At this point,
the State asked permission to file what it called the correct complaint. Duckett objected and the
motion was overruled. The State then moved for a continuance. This also was denied. Finally,
the State moved to amend the complaint on file. Again, Duckett objected and the motion was
overruled. The Court asked the State if it wished to proceed with proof. The prosecutor replied
that the State offered no evidence. Duckett then moved for and was granted a finding of not
guilty. 

The court's written judgment is styled "judgment and dismissal." The judgment
recites that the cause was called for trial before the court after Duckett waived his right to trial by
jury, that Duckett pleaded not guilty, and that "after all of the proceedings were complete and both
sides closed, there was a finding of NOT GUILTY by the Court." The judgment concludes, "IT
IS THEREFORE CONSIDERED ORDERED, ADJUDGED AND DECREED BY THIS
COURT, that this cause is dismissed with prejudice."

The State asserts three points of error in its brief: (1) the county court at law did
not have jurisdiction in the absence of a proper complaint, (2) the court erred by overruling the
State's motion to amend the complaint, and (3) the court erred by overruling the State's motion
for continuance. The State's brief does not cite the authority by which it invokes this Court's
jurisdiction to consider these points.

The county court at law's judgment confirms what the reporter's record reflects:
that Duckett was tried and found not guilty by the court. Article 44.01 does not permit the State
to appeal from a judgment of acquittal. Nor may the State invoke its authority to appeal under
article 44.01(a)(1), even if we were to treat the court's judgment as merely an order of dismissal. 
Article 44.01(a)(1) permits the State to appeal an order dismissing an "indictment, information,
or complaint." The court's judgment dismisses the "cause," not the complaint. See Taylor v.
State, 886 S.W.2d 262, 266 (Tex. Crim. App. 1994); State v. Stone, 785 S.W.2d 432 (Tex.
App.--Eastland 1990, no pet.) (State may appeal only orders of the type listed in article 44.01);
see also 42 George E. Dix & Robert O. Dawson, Criminal Practice and Procedure § 30.02 (Texas
Practice 1995). Moreover, double jeopardy considerations bar the State from appealing a
dismissal after jeopardy has attached. See State v. Manning, 833 S.W.2d 322, 323 (Tex.
App.--Waco 1992, no pet.); 43 Dix & Dawson, supra, § 43.151. The court of criminal appeals
indicated as much when it stated that article 44.01(a)(1) allows the State to appeal an order
"w