99-00768 State of Texas v Roberts.wpd



No. 04-99-00768-CR


The STATE of Texas,


Appellant



v.


Kenneth ROBERTS,


Appellee


From the County Court, Uvalde County, Texas


Trial Court No. 99-24969


Honorable William R. Mitchell, Judge Presiding



PER CURIAM

Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice

Delivered and Filed: January 26, 2000


DISMISSED FOR WANT OF JURISDICTION


 The State attempts to appeal from a directed verdict of not guilty entered by the trial court.
Because no statutory ground for appeal of such a judgment exists, the appeal is dismissed for want
of jurisdiction.

 By statute, the right of appeal afforded to the State is limited. See Tex. Code Crim. Proc.
Ann. art. 44.01 (Vernon Supp. 2000). Specifically, article 44.01 of the Code of Criminal Procedure
provides that the State may appeal orders that:

 (1) dismiss an indictment, information or complaint or any portion of an indictment,
information or complaint;

 (2) arrest or modify a judgment;

 (3) grant a new trial;

 (4) sustain a claim of former jeopardy; or

 (5) grant a motion to suppress evidence, a confession, or an admission, if jeopardy
has not attached in the case and if the prosecuting attorney certifies to the trial court
that the appeal is not taken for the purpose of delay and that the evidence, confession,
or admission is of substantial importance in the case.

Tex. Code Crim. Proc. Ann. art. 44.01(a) (Vernon 1986). The State may also appeal a sentence
on the ground that it is illegal and may appeal a ruling on a question of law if the defendant is
convicted and appeals the judgment. Id. at art. 44.01(b), (c).

 On its face, the judgment in the instant case does not fall within one of the above-listed
categories from which the State is permitted to appeal. Therefore, this court ordered the State to
show cause in writing why this appeal should not be dismissed for lack of jurisdiction. In response
to our order, the State argues that the trial court's judgment is a dismissal of the information within
the meaning of article 44.01 because the judgment effectively terminated the prosecution in favor
of the appellee. See Moreno v. State, 807 S.W.2d 327, 334 (Tex. Crim. App. 1991) (holding that
trial court "dismisses" indictment whenever it issues ruling which effectively terminates State's
prosecution under indictment in favor of defendant). The State characterizes the judgment in this
way because, in its opinion, the trial court's decision was based upon the fact that there was a
variance between the information and the underlying complaint as to the date when the charged
offense occurred. The State thus contends that because the trial court's decision concerned the
information the judgment qualifies an order of dismissal from which it may appeal. See Tex. Code
Crim. Proc. Ann. art. 44.01 (Vernon Supp. 2000). We disagree.

 While the trial court's decision "terminated" the State's prosecution, it is not a dismissal of
the information within the meaning of article 44.01. See Moreno, 807 S.W.2d at 332, 334. A
dismissal of an information within the meaning of article 44.01 is a pre-trial matter. See id. at 334.
Rather the trial court's judgment is, in effect, an acquittal of the appellee, which, regardless of how
egregiously wrong, cannot be reviewed. Moreno, 807 S.W.2d at 332 n.6; see State v. Moshene, 936
S.W.2d 732, 736 (Tex. App.-Dallas 1996, no pet.). The record in the instant case reveals that after
the State closed its case-in-chief, counsel for appellee moved for a directed verdict, arguing that there
was a variance between the information and the State's proof. The information alleged that the
offense occurred on July 24, 1999. At trial, the State's proof showed that the alleged offense
occurred on June 24, 1999, the date recited in the underlying complaint. The trial court agreed that
the State failed in its proof and orally granted appellee's motion. A written judgment entitled,
"Directed Verdict of Not Guilty," was later signed and entered by the trial court. 

 In State v. Moshene, the Dallas Court of Appeals considered a similar jurisdictional issue
when the State sought to appeal from an order entitled, "Order Dismissing Case," which was entered
after a trial on the merits. Moshene, 936 S.W.2d at 733. There, like here, the State argued that
article 44.01 gave it the ability to appeal because the trial court's order concerned the indictment and
the order effectively terminated the prosecution in favor of the defendant. See id. at 734. The court
rejected this argument based on the timing of events. See id. (citing Moreno, 807 S.W.2d at 332
(prosecution is terminated whenever trial court's order forces alteration of indictment before trial )).
There, like here, the trial court's order or judgment occurred not before trial, but after the State had
an opportunity to put on all of its evidence. See id. Based on the timing of events, the court
concluded that the trial court's order was, in effect, an acquittal from which the State may not appeal.
Id. We reach the same conclusion, and dismiss the appeal for want of jurisdiction. 

 PER CURIAM 

DO NOT PUBLISH