6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00152-CV
______________________________



IN RE:
RICHARD MARKEIL HENSON





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross



O P I N I O N
Â Â Â Â Â Â Â Â Â Â Richard Markeil Henson has filed a petition for writ of mandamus in which he asks
this Court to order the trial court to comply with the requirements of Tex. Code Crim. Proc.
Ann. art. 17.33 (Vernon 1977), to allow him to make an offer of proof of evidence excluded
at the hearing on his underlying application for habeas corpus, and to abate his pending
appeal on that matter until the offer of proof can be made.
Â Â Â Â Â Â Â Â Â Â According to Henson's petition, he is confined by the Sheriff of Bowie County
"pursuant to three complaints, wherein he is charged with three counts of the felony
offense of capital murder." The petition now before this Court concerns his attempt to
obtain lower bonds in connection with those three accusations.


 Mandamus issues only
when the mandamus record establishes (1) a clear abuse of discretion or the violation of
a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. Cantu
v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992). Mandamus is an extraordinary remedy that will issue only to correct a clear
abuse of discretion or, in the absence of another statutory remedy, when the trial court fails
to observe a mandatory statutory provision conferring a right or forbidding a particular
action. Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985).
Â Â Â Â Â Â Â Â Â Â Henson contends the trial court violated a duty imposed by law when it did not
comply with Article 17.33 and review written statements of the State's witnesses as well
as other evidence in determining the amount of bail. In connection with that contention,
as well as in connection with his habeas appeal, he also argues the trial court should have
allowed him to obtain written statements from the officers involved in the investigation of
the underlying murder accusations or to make an offer of proof in which he could have
obtained that information. 
Â Â Â Â Â Â Â Â Â Â Article 17.33 does not contain mandatory language. It provides that, "The accused
may at any time after being confined request a magistrate to review the written statements
of the witnesses for the State . . . ." The statute does not contain language requiring the
magistrate to order such statements produced or requiring the magistrate to review such
statements if they existed. Accordingly, we cannot conclude the trial court violated a duty
imposed by law in this situation. 
Â Â Â Â Â Â Â Â Â Â Henson's secondary argument is that the trial court abused its discretion by failing
to allow him to make a bill of exception containing the evidence that he wanted to offer in
connection with the Article 17.33 claim addressed above. As previously stated, the article
provides that the decision to consider evidence by the court is discretionary. It follows that
there is also no mandatory duty in the context of this article compelling the court to direct
that evidence be taken, or requiring the court to direct witnesses to make themselves
available to provide such evidence. In the absence of a mandatory duty, mandamus will
not lie, and the request to abate the appeal is therefore denied.
Â 

Â Â Â Â Â Â Â Â Â Â The petition is denied.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â November 17, 2003
Date Decided:Â Â Â Â Â Â Â Â Â November 18, 2003




ed="false" Priority="61" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light List Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-09-00176-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TIMOTHY DALE WILKINS, JR.,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the County Court at Law

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hunt County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. CR0701683

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Jessica
Reichle[1]
left her husband and young child to live with Timothy Dale Wilkins, Jr., in
Lone Oak, Texas, in a relationship touched by illicit drug use.Â  As a result of a physical altercation between
Wilkins and Reichle, Wilkins was charged with and convicted of assault causing
bodily injuryÂfamily violence.[2]Â  The trial court assessed a sentence of 365
daysÂ confinement in the Hunt County Jail.Â 
Wilkins appeals, claiming that the trial court erred by denying his
motion for dismissal or, in the alternative, a continuance to investigate
exculpatory evidence disclosed by the State during trial and that the evidence
is legally insufficient to support his conviction.Â  We affirm the judgment of the trial court
because (1) the trial court did not abuse its discretion in denying WilkinsÂ
motion to dismiss, (2) the trial court did not abuse its discretion in denying
the motion for continuance, and (3) the evidence is legally sufficient to
support WilkinsÂ conviction.

Background

Â 

Â Â Â Â Â Â Â Â Â Â Â  Reichle and
Wilkins used illicit drugs during their relationship, but had resolved to get
their lives ÂstraightÂ and stop using drugs.Â 
According to Reichle, the morning after the two made this decision,
Wilkins woke her up to invite her to use ÂmethÂ[3]
with him. Â Reichle was very upset and
reminded Wilkins of their decision to stop using drugs.Â  In response to this protest, Wilkins went
into the bathroom and shut the door.Â 
When Reichle pushed the door open, Wilkins grabbed her by the back of
the neck, told her he was going to drown her under the sink faucet, and then
slammed the left side of her body into the wall.Â  Reichle testified that she experienced
bruising on the left side of her body as well as bruising and scratches on her
back and her left arm as a result of the altercation.Â  In addition, Reichle was burned in a small
area below her left shoulder where Wilkins extinguished a cigarette.Â  

Â Â Â Â Â Â Â Â Â Â Â  Reichle ran
outside for help and was able to call her mother, Rhea Petersen, with the use
of a neighborÂs cell phone.[4]Â  When Petersen arrived approximately fifteen
minutes after receiving ReichleÂs call (between 7:00 and 8:00 that evening),[5]
she observed a bruise on ReichleÂs cheek.Â 
To Petersen, it looked as if the bone had been broken.Â  Reichle had been crying, was irate, agitated,
and very upset.Â  

Â Â Â Â Â Â Â Â Â Â Â  Petersen
took Reichle to the Rains County Police Department where Officer John Wallace photographed
ReichleÂs injuries and took her statement.[6]Â  

Â Â Â Â Â Â Â Â Â Â Â  WilkinsÂ
account of the events of March 12, 2007, differs substantially from the
testimony of Reichle and Petersen.Â 
According to Wilkins, he and Reichle were residing in the home of
WilkinsÂ mother in Lone Oak.Â  Wilkins
testified that, on March 12, 2007, he and Reichle did not fight and he did not
assault Reichle on that date or any other.Â 
Instead, Wilkins testified that Reichle went to visit Petersen on the
evening of March 12 seeking financial assistance and seeking to arrange to visit
her child.Â  

Â Â Â Â Â Â Â Â Â Â Â  WilkinsÂ
narrative continued concerning an encounter between Reichle and Petersen and
its aftermath.Â  Reichle left in her own
car at approximately 6:30 p.m. and returned to the trailer she shared with
Wilkins at approximately 11:30 p.m. that same evening.Â  When she returned, Reichle showed signs of
having been injured.Â  When Wilkins inquired
about the injuries, Reichle told him that she and Petersen got into an argument
over Wilkins, and Reichle called Petersen a Âbitch.ÂÂ  Petersen slapped Reichle and the Âfight was
on.ÂÂ  After the fight, Petersen called
the police, and both Petersen and Reichle claimed Wilkins caused the injuries.[7]Â  Reichle came back for Wilkins because she did
not want him arrested for something he did not do.Â  She took him to a friendÂs house in Rolling
Hills, where Wilkins stayed the night and smoked methamphetamine.Â  Reichle then returned to PetersenÂs
house.Â  The following day, Wilkins
returned to his motherÂs house where Reichle joined him.Â  The two stayed together for approximately one
week before Reichle moved out.Â  In the
weeks and months that followed, Wilkins did not contact law enforcement to
clear his name because he was on drugs and did not care.Â  

(1)Â Â Â Â Â Â Â  The Trial Court Did Not Abuse Its
Discretion in Denying WilkinsÂ Motion to Dismiss

Â 

Â Â Â Â Â Â Â Â Â Â Â  About a week
before trial, Wilkins filed several discovery motions, including a motion for
discovery and inspection of evidence, a motion for the production of
exculpatory and mitigating evidence, and a motion to discover criminal records
of witnesses.Â  Each of these motions was
granted on the date of trial, September 10, 2009. 

Â Â Â Â Â Â Â Â Â Â Â  During the
lunch break at trial, the State produced ReichleÂs criminal record.[8]Â  After having received the record, Wilkins
presented a Brady[9]
motion, claiming the criminal record contained exculpatory evidence which was
not timely produced.Â  According to
argument of counsel, the record included a charge of assault against Reichle
that occurred close to the time Wilkins was accused of committing the assault
on Reichle.Â  Because Wilkins denied
commission of the assault, he contends that ReichleÂs altercation during the
same time frameÂdemonstrated by the late-produced recordÂis exculpatory.Â  

Â Â Â Â Â Â Â Â Â Â Â  As a remedy
for the late production, Wilkins asked for dismissal of the case against
him.Â  In the alternative, Wilkins asked
for a continuance to permit him time to investigate the information contained
in ReichleÂs criminal record.Â  The court
denied both motions, but permitted Wilkins to recall Reichle and Petersen to
question each regarding the record in question.

Â Â Â Â Â Â Â Â Â Â Â  Wilkins
contends that the StateÂs failure to disclose exculpatory evidence before trial
violated his due process rights and that, as a result, the trial court erred in
denying his Âmotion for sanctions resulting in dismissal.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  The trial
courtÂs ruling on a motion to dismiss is subject to an abuse of discretion
standard of review.Â  Williams v. State, 464 S.W.2d 842, 844Â45 (Tex. Crim. App. 1971); State v. Hernandez, 830 S.W.2d 631, 635
(Tex. App.ÂSan Antonio 1992, no pet.).Â 
In considering whether the trial court abused its discretion, we must
determine whether its ruling lies outside the zone of reasonable
disagreement.Â  Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)
(op. on rehÂg).

Â Â Â Â Â Â Â Â Â Â Â  Here,
Wilkins sought the remedy of dismissal for the StateÂs failure to timely
produce allegedly exculpatory evidence.Â 
Wilkins cites no authority in support of his contention that dismissal
is the proper remedy in this circumstance, and we find none. 

Â Â Â Â Â Â Â Â Â Â Â  We observe
that, in the appropriate circumstance, mistrial can be an appropriate remedy
for the failure to produce exculpatory evidence.Â  See,
e.g., Ex parte Masonheimer, 220
S.W.3d 494, 507 (Tex. Crim. App. 2007).Â 
Wilkins did not seek a mistrial in this instance, just a dismissal.Â  We decline to treat a motion to dismiss as a
motion for mistrial, as the two are distinctly different procedural
vehicles.Â  The defining feature of a
mistrial is that the order contemplates further prosecution.Â  State
v. Moreno, 294 S.W.3d 594, 601 (Tex. Crim. App. 2009) (citing Lee v. United States, 432 U.S. 23, 30
(1977)).Â  Wilkins sought dismissal after
the jury was empanelled and sworn; thus, after jeopardy had attached. Further
prosecution subsequent to dismissal would therefore be jeopardy-barred.Â  See
State v. Manning, 833 S.W.2d 322, 323 (Tex. App.ÂWaco 1992, no pet.)
(citing Crist v. Bretz, 437 U.S. 28,
37Â38 (1978)). Thus, the remedy sought by Wilkins was a dismissal of the
charges against him with no opportunity for retrial.Â  Conversely, the remedy of mistrial generally
affords the opportunity for retrial.[10]

Â Â Â Â Â Â Â Â Â Â Â  Because we find no abuse of
discretion on the part of the trial court in its denial of WilkinsÂ motion to dismiss,
we overrule this point of error.

(2)Â Â Â Â Â Â Â  The Trial Court Did Not Abuse Its
Discretion in Denying the Motion for Continuance

Â 

Â Â Â Â Â Â Â Â Â Â Â  Wilkins
next contends that the trial court erred in failing to grant his motion for
continuance, as an alternative to granting the dismissal motion, in order to
afford the opportunity to investigate, possibly locate a new witness to the
assault, and effectively cross-examine and impeach Reichle and Petersen.Â  We disagree.

Â Â Â Â Â Â Â Â Â Â Â  The decision
on whether to grant a motion for continuance is left to the sound discretion of
the trial court.Â  Wilson v. State, 195 S.W.3d 193, 197 (Tex. App.ÂSan Antonio 2006,
no pet.). Â We, therefore, apply an abuse
of discretion standard of review to the trial courtÂs ruling.Â  Id.Â  To establish an abuse of discretion, there
must be a showing that the defendant was actually prejudiced by the denial of
his or her motion.Â  Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (citing
Heiselbetz v. State, 906 S.W.2d 500
(Tex. Crim. App. 1995)).

Â Â Â Â Â Â Â Â Â Â Â  While
Wilkins made an oral motion to dismiss at trial, there is no written, verified
motion to dismiss in the record before this Court.Â  Recently, the Texas Court of Criminal Appeals
addressed this issue in Anderson v. State,
No. PD-1441-08, 2009 WL 3837335 (Tex. Crim. App. Nov. 18, 2009).Â  In that case, the State received a written
report of DNA test results on the morning of trial.Â  Before jury selection, the State gave
AndersonÂs attorney the report after the lunch break.Â  When he was unsuccessful in having the report
stricken, AndersonÂs attorney made an oral request for a continuance, which was
denied. 

Â Â Â Â Â Â Â Â Â Â Â  The court of
appeals observed that generally, an unsworn oral motion for continuance
preserves nothing for review, but recognized a Âdue process exceptionÂ to this
rule, whereby an appeal of an oral motion for continuance is permitted if
denial of the motion amounts to a denial of due process.[11]Â  In overruling the court of appealsÂ
determination that the trial court abused its discretion in failing to grant
the motion for continuance, the Texas Court of Criminal Appeals first looked to
the requirements for a motion for continuance set out in Articles 29.03 and
29.08 of the Texas Code of Criminal Procedure.Â 
Article 29.03 states:Â  ÂA criminal
action may be continued on the written motion of the State or of the defendant,
upon sufficient cause shown; which cause shall be fully set forth in the motion.Â  A continuance may only be for as long as
necessary.ÂÂ  Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 2006).Â  

Â Â Â Â Â Â Â Â Â Â Â  Article
29.08 states:Â  ÂAll motions for
continuance must be sworn to by a person having personal knowledge of the facts
relied on for the continuance.ÂÂ  Tex. Code Crim. Proc. Ann. art. 29.08
(Vernon 2006).

Â Â Â Â Â Â Â Â Â Â Â  In holding
there is no Âdue processÂ exception to the preservation requirements governing
continuance motions in Articles 29.03 and 29.08 of the Texas Code of Criminal
Procedure, the Texas Court of Criminal Appeals determined that, in making an
unsworn oral motion for continuance, Anderson failed to preserve his claim.[12]
Â Anderson,
2009 WL 3837335, at *3.Â  Here, Wilkins
likewise relies on a due-process argument to support his position that a
continuance was required.Â  In light of
the holding in Anderson, we find that
in making an unsworn oral motion for continuance, Wilkins has preserved nothing
for review on this issue.[13]Â  The trial court did not abuse its discretion
in overruling WilkinsÂ unsworn, oral motion for continuance.[14]

(3)Â Â Â Â Â Â Â  The Evidence Is Legally Sufficient to
Support WilkinsÂ Conviction

Â 

Â Â Â Â Â Â Â Â Â Â Â  In his second point of error, Wilkins complains that
the evidence is legally insufficient to show beyond a reasonable doubt that he
caused ReichleÂs injuries.Â  This point of
contention is based on the premise that, while the testimony of Reichle and
Petersen point to Wilkins as the person who assaulted Reichle, the tardily
produced evidence of the assault charge against Reichle by Petersen calls into
question the identity of the person who committed the assault.Â  This evidence, he contends, gives rise to an
inference that ReichleÂs injuries were caused by Petersen in a separate altercation.

Â Â Â Â Â Â Â Â Â Â Â  In
determining the legal sufficiency of the evidence, we view all the evidence in
the light most favorable to the verdict to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt. Â Jackson v. Virginia, 443 U.S. 307, 319 (1979); Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). Â We defer to the jury on determinations of the
credibility of witnesses and the weight to be accorded conflicting evidence. Â Williams
v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Â Â Â Â Â Â Â Â Â Â Â  Here, the
jury was able to weigh the credibility of Wilkins, Reichle, and Petersen with
the benefit of the knowledge of ReichleÂs criminal history.Â  We defer to the juryÂs determination of
credibility questions and the weight to be accorded conflicting evidence.Â  When viewing all of the evidence in the light
most favorable to the verdict, we conclude that a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.Â  Accordingly, we overrule this point of error.

Â Â Â Â Â Â Â Â Â Â Â  We affirm
the judgment of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  March
1, 2010 

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  March
9, 2010

Â 

Do Not Publish

Â 

Â 

Â 

Â 











[1]In
March 2007, Reichle was known as Jessica Whatley.Â  

Â 





[2]Section
22.01 of the Texas Penal Code defines the offense of assault as Âintentionally,
knowingly or recklesslyÂ causing Âbodily injury to another, including the
personÂs spouse.Â Tex. Penal Code Ann.
Â§ 22.01(a)(1) (Vernon Supp. 2009).

Â 





[3]Methamphetamine
is Âan amine C10H15N used medically in the form of its
crystalline hydrochloride especially in the treatment of obesity and often used
illicitly as a stimulant Â called also methedrine.
. . .ÂÂ  Merriam
WebsterÂs Collegiate Dictionary 781 (11th ed. 2003).

Â 





[4]Reichle
testified that she did not have a car at the time of the assault.Â  

Â 





[5]Reichle
initially testified that she made the call to Petersen on the morning of March
12.Â  In subsequent testimony, Reichle
stated that she did not know if it was morning, noon, afternoon, or night.Â  

Â 





[6]Because
the assault happened in Hunt County, Wallace contacted Hunt County Deputy Larry
Proctor and arranged for Petersen and Reichle to meet with Proctor in Tawakoni
later that evening to make a report.Â  

Â 





[7]Wilkins
testified that some of the marks on Reichle were not bruises, but were track
marks from using needles. 

Â 





[8]The
document identified as ReichleÂs criminal record was not introduced as an
exhibit at trial and is not a part of the record on appeal.Â  

Â 





[9]Brady v. Maryland, 373 U.S. 83 (1963).





[10]In
certain limited circumstances, the remedy of mistrial produces the same result
as dismissal after jeopardy has attached.Â 
However, the narrow exception to the rule that the Double Jeopardy
Clause is no bar to retrial after a mistrial does not apply here.Â  That exception is limited to cases of
governmental actions intended to provoke mistrial requests.Â  United
States v. Tateo, 377 U.S. 463, 468 n.3 (1964).Â  Consequently, harassing or overreaching
prosecutorial conduct, even if sufficient to justify a mistrial on a defense
motion, does not bar retrial absent intent on the part of the prosecutor to
subvert the protections afforded by the Double Jeopardy Clause.Â  Oregon
v. Kennedy, 456 U.S. 667, 675Â76 (1982).Â 
Thus, retrial after a defense-requested mistrial is jeopardy-barred only
when Âthe prosecutorial conduct giving rise to the successful motion for a
mistrial was intended to provoke [or goad] the defendant into moving for a
mistrial.Â Â Id. at 679. Â Here, there has
been no allegation of prosecutorial intent to provoke Wilkins to seek a
mistrial, and the record reveals no evidence of such intent.

Â 

In this regard, we note that the trial court granted
WilkinsÂ discovery motion on the morning of trial; the information was produced
during a lunch break.Â  This ÂtardyÂ
production of impeachment evidence (it is far from clear that the evidence in
question was indeed exculpatory) falls woefully short of the conduct necessary
to invoke the narrow exception to the general rule that there is no jeopardy
bar to retrial after a defense-requested mistrial.Â  See,
e.g., Masonheimer, 220 S.W.3d 494
(under unique facts of this case, a third prosecution was jeopardy-barred when
first two proceedings were terminated before final judgment on defendantÂs
mistrial motions, provoked primarily by StateÂs intentional failure to disclose
exculpatory evidence with specific intent to avoid acquittal at first
proceeding when defendant did not discover all exculpatory evidence until
second proceeding).





[11]Anderson v. State, 268 S.W.3d 130, 133
(Tex. App.ÂCorpus Christi 2008), revÂd, No. PD-1441-08, 2009 WL 3837335 (Tex. Crim. App. Nov. 18, 2009).

Â 





[12]The
court recognized that, when rules of procedural default come into play, the
type of rule involved must be identified to determine whether it is subject to
forfeiture.Â  Anderson, 2009 WL 3837335, at *2.Â 
ÂA defendantÂs constitutional right to a meaningful opportunity to
present a complete defense is rooted in the Fourteenth AmendmentÂs Due Process
Clause and the Sixth AmendmentÂs Compulsory Process and Confrontation Clauses.ÂÂ  Id.
(citing Crane v. Kentucky, 476 U.S.
683, 690 (1986)).Â  ÂConfrontation and
compulsory process rights are subject to procedural default.ÂÂ  Id.
(citing Taylor v. Illinois, 484 U.S.
400, 410 (1988)).

Â 





[13]Like
many other rights, the right to timely disclosure of exculpatory evidence may
be lost by procedural default.Â  Wilson v. State, 7 S.W.3d 136, 146 (Tex.
Crim. App. 1999).

Â 





[14]Even
if error had been preserved, the outcome here would not differ.Â  When, as in this case, the evidence in
question is discovered during trial, the initial inquiry is whether the
appellant was prejudiced by the delayed disclosure.Â  Palmer
v. State, 902 S.W.2d 561, 565 (Tex. App.ÂHouston [1st Dist.] 1995, no
writ).Â  To show prejudice, Wilkins would
be required to show a reasonable probability that, had the evidence been
disclosed to the defense earlier, the result of the proceeding would have been
different.Â  Little v. State, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999).Â  Wilkins has made no such showing, and none
appears.Â  On the contrary, Wilkins was
able to effectively use the tardily produced evidence at trial, and the jury
was able to use the testimony of Reichle and Petersen (regarding ReichleÂs
criminal history report) in assessing the credibility of those witnesses.Â  Therefore, even if WilkinsÂ unsworn oral
motion for continuance had been sufficient to preserve this point for review,
we cannot say the delay encountered in production of the requested information
undermines our confidence in the outcome of the trial.

Â